## Josiah Norwood v. Thomas Devall.

Article 3485 of the code provides, that if the plaintiff after, having made his demand, abandons or discontinues it, the interruption of prescription shall be considered as having never happened. *Held:* The expression abandoned, means an active abandonment, and not such an abandonment as may be implied from the absence or default of the litigant, at the time of the trial.

APPEAL from the District Court of East Baton Rouge, *Robertson*, J. *C. Ratliff*, for plaintiff. *Elam*, for defendant. By the court:

Rost, J. This is an action for wages as overseer. The defendant pleaded the prescription of three years as a peremptory exception. The plea was sustained, and the plaintiff has appealed.

More than three years elapsed from the rendition of the service, to the institution of the suit, but the plaintiff alleges, that the prescription was interrupted by an action which he instituted against the defendant in 1848. The fact is not denied in behalf of the defendant, that the suit, after being continued from time to time, was finally dismissed in April, 1850, by the following order : " This case having been regularly assigned for trial for to-day, the same was called for trial. The plaintiff being solemnly called to prosecute his suit, and failing to appear in person or by counsel, wherefore, on motion of *D. D. Avery, Esq.,* of counsel for defendant, it is ordered, adjudged and decreed, that this suit be dismissed at the costs of plaintiff." It is urged, that the default of the plaintiff, was an abandonment of the suit, and that the interruption resulting from the institution of it, should be considered as having never happened.

Article 3485 of the code provides, that if the plaintiff, after having made his demand, abandons or discontinues it, the interruption of prescription shall be considered as having never happened.

We think, the expression abandoned, means an active abandonment, and not such an abandonment as may be implied from the absence or default of the litigant, at the time of the trial. Article 2247 of the Napoleon Code, relied on by the appellee, does not appear, to us, to present an analogous case. Under the law of France, the peremption of a demand takes place when the plaintiff ceases to prosecute it during three years; and, art. 2247, expressly provides, that in cases of peremption, there shall be no interruption of prescription. This case acts upon facts ascertained of record ; is express and definite as to time ; but if an abandonment may be implied under our law, from the default of the litigant, the question after what time and under what state of facts the presumption may be made, remain uncertain and open to litigation in every case. It seems contrary to principles to base presumptions, *juris et de jure,* upon an ascertained fact and indefinite periods of time, and the practice would tend to introduce confusion and uncertainty in the administration of justice.

An express abandonment does not necessarily mean a discontinuance of the suit. Instead of the abandonment being the peremption of the French Code, we take it to be the desistment, a thing quite distinct from a discontinuance. A party plaintiff may be willing to desist from, or abandon his demand, and may enter into an agreement to that effect; but he may make the abandonment on conditions, not acceptable to the defendant, or the case may be such as he can-

NORWOOD
v.
DEVALL.

not abandon without the consent of his adversary. He must in all cases have that consent, before he can abandon an appeal. After the acceptance of the abandonment, the suit still subsists, and if the plaintiff refuses to discontinue it, it can only be dismissed by a judgment of the court upon satisfactory evidence that it has been abandoned, and that the conditions appended to the abandonment, if there are any, have been fulfilled by the party claiming the dismissal. Rogron on article 2247, Napoleon Code, and article 403 civil procédure.

We are of opinion, that the plea of prescription has not been sustained. It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed, and that the case be remanded for further proceedings according to law; the defendant to pay the costs of this appeal.