230 So.2d 774 (1970)
Leon LEVY
v.
Gene STELLY and Southern Pacific Railroad Company.
No. 4053.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1970.
Rehearing Denied February 3, 1970.
*775 Chaffe, McCall, Phillips, Burke, Toler & Sarpy, Charles L. Chassaignac and Jarrell E. Godfrey, Jr., New Orleans, for defendants and relators, Southern Pacific R. R. Co.
Eugene D. Brierre, New Orleans, for plaintiff and respondent, Leon Levy.
Clifton S. Carl, New Orleans, of counsel on writ only.
Before REGAN, CHASEZ and REDMANN, JJ.
CHASEZ, Judge.
This matter is before this court on writs seeking the annulment of an order by a lower court judge which granted plaintiff, Leon Levy, a new trial.
The factual posture of the case is that plaintiff originally filed suit on September 27, 1967, in Jefferson Parish, for damages resulting from injuries he sustained in an intersectional collision with a truck owned by defendant Southern Pacific Railroad Company, which its employee Stelly was driving, on January 21, 1967. Because other suits involving the same accident in which plaintiff was injured were filed in Orleans Parish, plaintiff's suit was transferred to the Orleans Parish Court by an order dated July 5, 1968, and was consolidated with the case of Robert A. Levy v. Gene Stelly and Southern Pacific Railroad Company and the case of American Road Insurance Company v. Gene Stelly and the Southern Pacific Railroad Company.
On November 22, 1968, plaintiff filed a complaint in Federal District Court in New Orleans based on the same cause of action and requested a jury trial.
The State Court suit was set for trial on October 28, 1969, and the Federal Court action was set for trial on December 8th and 9th, 1969. When the State Court suit was called for trial on October 28th, counsel for plaintiff appeared and requested a continuance because he was to be present at another trial on the same day which had been set prior to the Levy matter. The arguments of counsel and the statements made by the lower court judge with reference to the motion for continuance were not taken down by the court reporter. Reference to the briefs filed by both parties indicates that the court was inclined to grant a continuance with preference of three weeks, but counsel for plaintiff preferred an indefinite continuance and stated that he had no desire to try the case in the State Court but would proceed with the case when it came up for trial in the Federal Court. The only reason he wanted a *776 continuance was to preserve his rights against prescription because the Federal Court suit had been filed more than one year after the accident.
Despite counsel for plaintiff's wishes, his suit was dismissed, without prejudice. Later that same day, October 28, 1969, the trial judge signed the judgment of dismissal basing it on Article 1672 of the Code of Civil Procedure. However, due to an error the dismissal was made as to Robert Levy rather than to Leon Levy. It was obvious that this was an error because in the judgment it was stated that Eugene D. Brierre was present and was attorney of record for plaintiff, Leon Levy; the other two plaintiffs were represented by other counsel.
On November 6, 1969, defendant prepared an ex parte motion and order correcting the judgment to properly name the plaintiff as Leon Levy rather than Robert Levy. This was signed by the court on the same day. On November 14, counsel for defendant filed a motion to dismiss in the Federal Court action based on the premise that the Federal Court action, which was filed more than one year after the accident, had prescribed, citing LSA-C.C. Art. 3519.
On November 17th, counsel for plaintiff filed a motion for a new trial. This motion was argued on November 21st and a new trial was granted by an order rendered November 24th.
The granting of a new trial is not a final judgment and, therefore, cannot be appealed. For this reason we granted writs to determine the validity of the order granting a new trial.
The law with reference to granting a new trial is crystal clear. LSA-C.C.P. Art. 1974 states:
"The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
"When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. As amended Acts 1961, No. 23, § 1."
LSA-C.C.P. Art. 1913 provides when notice of judgment must be served and reads as follows:
"Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
"Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
"If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
"The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
"Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.

*777 "Amended by Acts 1961, No. 23, § 1; Acts 1968, No. 127, § 1."
The third paragraph of Art. 1913 is the one applicable to this case. The judgment of October 28, 1969 was not taken under advisement but the court did not sign the judgment in open court. This being the case, notice of the judgment was not required unless a party made a request of record to have notice sent to him. There was no evidence that this was done by either party, therefore, the delays for applying for a new trial began on the day after the judgment was signed. In this case that would be either October 29, 1969, the date of the original judgment, or November 7, 1969, the date of the amended judgment. Taking the first date, an application for new trial should have been filed by the end of the day on Friday the 31st day of October; taking the second date, it should have been filed by the 12th day of November since the 7th was a Friday and the delay did not begin until Monday the 10th of November. Plaintiff's motion for a new trial was filed on Monday the 17th day of November. It can be clearly seen that the application came too late from either judgment and the trial judge was without power to grant a new trial. Therefore, the order granting a new trial is annulled and set aside.
It remains necessary to discuss the effects of setting aside the order granting a new trial. The effect ostensibly is to give credence to the amended judgment of November 6, 1969. However, this is not the case because the amended judgment is a nullity and is without effect. LSA-C.C.P. Art. 1951 states:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
"(1) To alter the phraseology of the judgment, but not the substance; or
"(2) To correct errors of calculation."
Our jurisprudence has held that the changing of the name of a party cast is a change of substance and not phraseology and can not be accomplished by ex parte motion, but might properly be done contradictorily, even though the error is obvious. Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., La.App., 211 So.2d 681 (4th Cir. 1968); Pond v. Campbell, La.App., 198 So.2d 700 (1st Cir. 1967), Writ refused June 30, 1967; Shelly v. Dobbins, 31 La.Ann. 530, (1879.) Since in the instant case the judgment was admittedly annulled by ex parte motion it falls squarely within the rule of the cited cases. The net effect of nullifying the amended judgment is to reinstate the original judgment. See Pond v. Campbell, supra. Applying these two rules to the present case the result is a reinstatement of the judgment of October 28, 1969. That judgment dismissed the suit of Robert Levy, not Leon Levy, therefore, Leon Levy's suit is still pending in the State Court. The granting of a new trial accomplished the same result and it is apparent that this was the trial judge's intention.
In order to insure plaintiff's rights in his Federal Court suit, we will discuss the remaining issues. In doing so, we must assume for the moment that plaintiff's suit was validly dismissed. The defendant has argued that plaintiff's suit was dismissed for failure to prosecute at trial thereby bringing it within the ambit of LSA-C.C. Art. 3519. This Article provides:
"If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened." (As amended by Acts 1898, No. 107; Acts 1954, No. 615, § 1; Acts 1960, No. 30, § 1, effective Jan. 1, 1961.)
Defendant uses this Article as a basis to dismiss plaintiff's suit in the Federal Court because that suit was instituted more than one year after the accident.
*778 This argument of defendant is untenable because both judgments dismissing plaintiff's suit are based on LSA-C.C.P. Art. 1672, which provides:
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice."
Dismissing plaintiff's suit for failure to appear is not within the purview of LSA-C.C. Art. 3519, and since the suit was dismissed without prejudice, the interruption of prescription is not cancelled. Comment (c) under LSA-C.C.P. Art. 1672 will verify this position:
"(c) Under Civil Code Art. 3519 a failure to appear when the case is called for trial would be a tacit discontinuance, and therefore would cancel the interruption of prescription. However, it has been held that the failure of plaintiff to appear at the trial was not a sufficient discontinuance or abandonment as to destroy the interruption of prescription. See Norwood v. Devall, 7 La.Ann. 523 (1852); Wilson v. Marshall, 10 La.Ann. 327 (1855). But see Bell v. Elliott, 8 La.Ann. 453 (1853), which held that where plaintiff failed to appear and his absence was unexplained, prescription was not interrupted."
The judgment, even if validly rendered, would be erroneous if based on Art. 1672 because plaintiff did not fail to appear. His counsel was present and asked for a continuance and this is sufficient for an appearance. See LSA-C.C.P. Art. 7.
In support of his prescription argument defendant cites the case of Andry v. Maryland Casualty Company, 244 F.Supp. 143 (E.D. of La.1965). However, this case is inapposite because it is factually dissimilar. In the Andry case there was a voluntary dismissal of the State Court suit clearly within the language of LSA-C.C. Art. 3519. That is definitely not the situation in the present case.
Additionally, Andry is incorrect in its appreciation of Louisiana law because it overlooks the fundamental principle that the question of prescription must be determined as of the date of filing a suit. As of Andry's filing in the United States Court, the claim was not prescribed by one year since prescription had been interrupted by the State Court suit. Even assuming that at a later time, because of the dismissal of the State Court action, "the interruption is considered as never having happened", LSA-C.C. Art. 3519; all that this means is that a suit filed at or after that later time would not have the benefit of the former interruption. But Andry is incorrect in using the facts as of that later time to determine whether a suit previously filed was prescribed.
In summary, even assuming the judgments dismissing plaintiff's suit were valid, the prescription interrupted by filing the State Court suit would not be cancelled and plaintiff's rights with regard to his Federal Court suit would not be jeopardized.
For all the foregoing reasons, the writ of certiorari granted is made absolute and the order of the District Court of November 24, 1969, granting the plaintiff a new trial is annulled and vacated. The case is hereby remanded to the District Court for such additional proceedings as are not inconsistent with the views expressed herein.
Remanded.