302 So.2d 676 (1974)
Jerrel K. McCALLON et al., Plaintiffs-Appellants,
Jerrel K. Mccallon, Third Party Defendant,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees-Third Party Plaintiffs.
No. 4708.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
David A. Sheffield, Alexandria, for plaintiffs-appellants.
Hall & Coltharp by H. O. Lestage, III, DeRidder, for defendants-appellees.
Before FRUGÉ, HOOD and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is an appeal by the plaintiffs from an adverse ruling of the trial court sustaining an exception of prescription.
The pertinent facts surrounding this tort case are as follows: On March 7, 1971, a motor vehicle accident occurred on Louisiana Highway 10 in Vernon Parish, Louisiana, involving a 1964 Chevrolet pick-up truck being driven by the plaintiff, Jerrel K. McCallon, and a 1970 Oldsmobile being driven by the defendant, Henry Landry. The truck driven by McCallon was also occupied by his wife, Evelyn, and father-in-law, Cranford Willis (who joins him as plaintiffs in this action), in addition to the two daughters of the McCallons. The Landry vehicle was insured by Travelers Insurance Company, a co-defendant herein.
On February 23, 1972, the three plaintiffs initiated Suit Number 25,377 on the docket of the Thirtieth Judicial District Court, in and for the Parish of Vernon, in which they prayed for damages allegedly stemming from the negligent conduct of the defendant, Henry Landry, in the aforementioned accident.
On March 21, 1972, the defendants filed an answer and third party demand in the aforementioned suit. When no answer to the third party demand was filed, a preliminary default against Jerrel K. McCallon, the third party defendant, was entered by motion made in open court at Leesville on October 19, 1972, and on that date the case was assigned for trial on the merits for *677 February 8, 1973. On October 25, 1972, counsel for Jerrel K. McCallon filed an answer to the third party demand.
On the day prior to the trial fixing of Suit Number 25,377, counsel for plaintiffs requested a continuance because of his illness. The continuance was granted by the Court on February 7, 1973. Subsequently, by notice dated March 19, 1973, the Clerk of Court of Vernon Parish advised counsel for both plaintiffs and defendants that the case had been re-assigned for trial in Leesville on October 2, 1973.
On October 2, 1973, neither the plaintiffs nor their attorney appeared for the trial of the case. The defendants appeared with their counsel, as did a witness subpoenaed on their behalf. Upon the failure of the plaintiffs to appear, counsel for defendants moved to dismiss the suit (according to LSA-C.C.P. Art. 1672[1]) and the trial judge granted the motion without prejudice. A formal judgment of dismissal was read aloud and signed in open court on October 3, 1973.
Thereafter, on October 12, 1973, the plaintiffs instituted the present suit, (which was docketed under No. 26,558 of the aforementioned Vernon Parish Court) seeking damages for the same allegedly tortious conduct of Henry Landry previously asserted by them in Suit Number 25,377. On March 9, 1974, the defendants filed a peremptory exception, pleading prescription of one year, and on March 18, 1974, the Clerk of Court notified counsel that the exception had been assigned for hearing on April 16, 1974. After the hearing on the exception, the Court rendered and signed a judgment maintaining the exception of prescription and dismissing this suit.
The plaintiffs prosecute this appeal from that judgment, contending that this action, commenced approximately 2½ years after the accident, had not prescribed on October 12, 1973. They argue that filing of the first suit on February 23, 1972, interrupted prescription (under Civil Code Article 3518) which was suspended until the case was disposed of by judgment of dismissal without prejudice on October 3, 1973. Thereafter it is asserted that a new period of prescription began, within which (on October 12, 1973) the second suit was filed.
The defendants in turn submit that plaintiffs' actions, through their attorney, clearly come within the purview of the hereafter cited Louisiana Civil Code Article 3519 (specifically the clause therein "or fails to prosecute it at the trial") and as a result the prescriptive period was not interrupted by filing the first suit.
"Art. 3519. Abandonment or discontinuance of suit.
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened." (Emphasis ours)
In response, counsel for the plaintiffs contends that by virtue of a mixup in his law office or not receiving notification of trial, the case was inadvertently left off of his personal trial docket and for that reason he did not know of or attend the trial on the date in question. It is his averment that "failure to appear" on the date of the trial was not tantamount to a "failure to prosecute at trial" so as to construe the interruption of the first suit, as never having happened.
The assertion concerning lack of proper notification of trial is argued for the first time in brief to this court. The record does not, however, indicate that such an allegation was brought to the attention of *678 the trial judge either after the dismissal or at the hearing on the exception. Instead, plaintiffs' counsel, in his memorandum trial brief prior to the hearing on the exception of prescription, only stated that his reason for not appearing was "a mixup on plaintiff's counsel's docket". In addition the original record in Suit No. 25,377 clearly indicates that notification was sent to both counsel by the Clerk of Court in Vernon Parish on March 19, 1973. The trial judge who dismissed this suit also noted in his judgment that "the record reflected proper notification of trial to the plaintiffs through their counsel of record". From the foregoing we can only conclude that plaintiffs' counsel did receive proper notification.
Therefore the essential issue before us is whether the actions of plaintiffs' attorney come within the meaning and interpretation of the 1960 amendment to Civil Code Article 3519. We will thus briefly examine the history of Article 3519 in order to ascertain the probable legislative intent in the 1960 amendment. In so doing we draw from the brief submitted by defendants' attorney which correctly sets out the historical background of Article 3519.
"Initially, before amendment, Article 3519 (Article 3485 of the Code of 1825) provided:
"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.' (emphasis added).
By Act No. 107 of 1898, largely because of the confusion in the interpretation of the word `abandons' in the Article, the legislature amended it. (See Newsom v. Bailey, 88 So.2d 371 (La.App., 2 Cir., 1956), p. 393). The amendment added a second paragraph to the Article to more precisely define the meaning of `abandon' as used in the first paragraph, so that the article then read:
"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
`Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.' (emphasis added)
Much later, in order to extend the applicability of the Article to appellate abandonment as well, the legislature by Act. No. 615 of 1954 once again amended Article 3519. (See, 15 La.Law Rev. 42). The Article then read:
`If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
`Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.
`Any appeal, now or hereafter pending in any appellate court of the State, in which five years have elapsed without any steps having been taken in the prosecution thereof, shall be considered as abandoned, and the court in which said appeal is pending shall summarily dismiss said appeal.' (emphasis added)
With the advent of the Code of Civil Procedure, the Article was again amended by the legislature. The procedural provisions thereof were transferred to Article 561 of the new Code, and that Article now reads:
`An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any *679 party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.
`An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for a period of five years; and the appellate court shall dismiss the appeal summarily.'
However, as is evident from the language of Article 3519 following its 1960 amendment, something else was added to the Article. No longer would only an abandonment, as now defined in Article 561 of the Code of Civil Procedure, and a discontinuance, now termed a `voluntary dismissal', be the only actions of a plaintiff which would vitiate any interruption of prescription effected by a timely filed suit. A third class of action by plaintiffs was now added: failure to prosecute a suit at the trial." (emphasis added)
Plaintiff's attorney cites a number of early Supreme Court decisions[2] holding that the failure of a plaintiff to appear at trial did not constitute an abandonment sufficient to cancel the interruption of prescription under Civil Code Article 3519. In turn it is argued that "failure to appear" should likewise not constitute "failure to prosecute at trial" so as to abrogate the interruption of prescription.
As pointed out by counsel for defendants, however, these cases were all decided long before the 1960 amendment which gave equal status to "failure to prosecute" with "abandonment" and "voluntary dismissal", all vitiating interruption of prescription. Further, we are of the opinion that "failure to appear" is now itself a cause for cancelling interruption under the language "fails to prosecute it at the trial" in Art. 3519.
In addition we note in the Official Revision Comments following LSA-C.C.P. Art. 1672 that the redactors of the Code of Civil Procedure considered under Civil Code Art. 3519 (prior to the 1960 amendment) that "failure to appear when the case is called for trial would be a tacit discontinuance, and therefore would cancel the interruption of prescription." This statement was made despite recognizing the very early jurisprudence (cited by attorney for plaintiffs herein) which in effect held otherwise as to abandonment.
Plaintiffs' counsel further cites the line of cases[3] holding that the provisions of Civil Code Article 3519 relative to abandonment (in particular the failure to prosecute at trial for 5 years) does not create an absolute presumption depriving plaintiff of rebutting the facts and showing that such was beyond his control. Assuming, arguendo, that such a rebuttable presumption exists, insofar as failure to appear and prosecute at trial is concerned, plaintiffs' counsel has not shown that such was beyond his control under the circumstances of this case. In fact the evidence preponderates to the opposite conclusion.
Therefore, we are of the opinion that Civil Code Article 3519, and particularly the clause "If the plaintiff ... fails to prosecute it at the trial", is clearly applicable to the facts in this case. Plaintiffs and their attorney failed to attend the trial and present their case, yet the record shows that notice of the assignment of trial (for which was dated some 6½ months prior thereto) was sent to plaintiffs' counsel. There is no evidence to show he did not receive said notification. As a result we can see no logical interpretation *680 of the article to exclude the plaintiffs thereunder.
This is an action ex delicto to which the one year prescription of Civil Code Article 3536 applies. The Louisiana Supreme Court held in Adams v. Aetna Casualty & Surety Co., 252 La. 798, 214 So.2d 148 (1968) that the provisions of Civil Code Article 3519 were applicable to liberative prescription for actions ex delicto. Plaintiffs waited more than one year after the accident of March 7, 1971, to initiate their second suit. Under Civil Code Article 3519, as applied to the facts of this case, the initial action legally never occurred and prescription was not interrupted. The exception of prescription was therefore properly sustained.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiffs-appellants' costs.
Affirmed.
NOTES
[1] Art. 1672. Involuntary dismissal. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.
[2] Miller v. Miller, 156 La. 46, 100 So. 45 (1924); Saunders v. Mangum, 42 La.Ann. 770, 7 So. 715 (1890); Wilson v. Marshall, 10 La.Ann. 327 (1855); Norwood v. Devall, 7 La.Ann. 523 (1852); Morgan v. Leone, 129 So. 398 (La.App. 2nd Cir. 1930).
[3] Washington v. Harvey, 124 So.2d 240 (La.App. 2nd Cir. 1960); Sanders v. Luke, 92 So.2d 156 (La.App. 1st Cir. 1957); Zatarain v. Portera. 63 So.2d 477 (La.App.Orl. Cir. 1953); Bell v. Staring, 170 So. 502 (La.App.1st Cir. 1936).