531 So.2d 1151 (1988)
Randolph M. HOWES
v.
Troy DOUCET and ABC Insurance Company.
No. 88-CA-0325.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
*1152 David B. Bernstein, New Orleans, for plaintiff-appellant.
Stephen C. Resor, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for defendant-appellee.
Before WARD, WILLIAMS and PLOTKIN, JJ.
WILLIAMS, Judge.
Plaintiff's appeal seeks review of the trial court judgment sustaining defendant's exception of prescription and dismissing plaintiff's tort suit. Defendant claims the cause sued upon prescribed because this suit, which is the plaintiff's second suit, was filed a year and sixteen days after the date of the accident in which the damage was sustained. Plaintiff, however, maintains prescription was interrupted and suspended during the five month period in which his initial suit was pending, despite the involuntary dismissal of that suit pursuant to LSA-C.C.P. art. 1672(A) which provides:
Art. 1672. Involuntary dismissal
A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice. (emphasis added)
Thus, we are presented with the issue of whether the interruption of prescription resulting from the filing of a lawsuit, is considered never to have occurred, within the meaning of LSA-C.C. art. 3463 because plaintiff failed to prosecute at trial, when the lawsuit is subsequently dismissed without prejudice pursuant to LSA-C.C.P. art. 1672(A). We hold the involuntary dismissal of plaintiff's initial lawsuit pursuant to LSA-C.C.P. art. 1672(A) nullifies the interruption and suspension of prescription effected by the filing of that action. Accordingly, the trial court judgment sustaining defendant's exception of prescription is affirmed.
On or about June 14, 1986, the parties were involved in a motor vehicle accident in Orleans Parish. Plaintiff, Dr. Randolph Howes, filed suit against defendant, Troy Doucet, on September 18, 1986.[1] Trial was set for February 20, 1987, but despite Dr. Howes' notice of the time and date for the trial of his lawsuit, he failed to appear.
Plaintiff did not forewarn his attorney that he had been unable to reschedule his morning patients. Consequently, trial commenced the morning of February 20, 1988 with plaintiff's attorney expecting the timely appearances of the plaintiff and another witness, Avery Dagons. When the two witnesses failed to appear, plaintiff's attorney stalled the court as long as possible by calling defendant to the stand, attempting to cross-examine the body repairman witness *1153 which the court disallowed, and then by requesting a recess. Following the recess, plaintiff's counsel apologized to the court stating, "I have no explanation as to why Dr. Howes is not here. He was contacted very early this morning, not only by me, but by my associate and my secretary..." He then requested a continuance because his other witness was with the plaintiff.
Defendant's counsel moved for the dismissal of all claims against his client. The motion was granted, dismissing plaintiff's action without prejudice, with the court indicating that he would "reopen it or grant a new trial or reconsider in the event [he] find[s] a good reason ..." for Dr. Howes' failure to appear at the trial of his own lawsuit.[2] The court then proceeded with trial of the reconventional demand. And during the presentation of the plaintiff in reconvention's case, Dr. Howes and Mr. Dagons arrived. The trial court found for defendant in reconvention; the judgment was not appealed and is now final.
Four and one half months later, on July 1, 1987, Dr. Howes filed the present lawsuit against Troy Doucet, based upon the same June 14, 1986 motor vehicle accident as his initial suit. Defendant excepted on the grounds of prescription and res judicata. The trial court sustained the exception of prescription, denied the exception of res judicata and dismissed plaintiff's suit. This appeal followed.
Ex delicto actions, such as plaintiff's motor vehicle accident, have a liberative prescriptive period of one year running from the day damage or injury is sustained. LSA-C.C. art. 3492. By timely and properly filing a lawsuit against a tortfeasor, however, prescription is interrupted and the interruption continues so long as the suit is pending. LSA-C.C. art. 3463; Roger v. Estate of Moulton, 513 So.2d 1126, 1133 (La.1987). Ordinarily, if prescription is interrupted, the time that has run is not counted; prescription commences to run anew from the last day of the interuption. LSA-C.C. art. 3466; Roger v. Estate of Moulton, 513 So.2d at 1133.
An exception to this general rule lies in the last sentence of LSA-C.C. art. 3463 (formerly C.C. art. 3519), which nullifies the interruption of prescription effected by a plaintiff's filing suit, when plaintiff abandons, discontinues or fails to prosecute his suit:
Art. 3463. Duration of interruption; abandonment or discontinuance of suit
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial. (Acts 1982, No. 187, Section 1.) (emphasis added)
The clause "if the plaintiff ... fails to prosecute the suit at trial" is fully applicable to the facts before us. When a suit is dismissed without prejudice under LSA-C. C.P. art. 1672(A) due to the failure of plaintiff to appear at the trial of his own lawsuit, the interruption of prescription effected by the filing of that suit is cancelled by LSA-C.C. art. 3463.[3]Rochon v. Consolidated Construction Co., 497 So.2d 746, *1154 747 (La.App.3d Cir.1986), writ den., 501 So. 2d 214 (La.1987), cert. den., 481 U.S. 1020, 107 S.Ct. 1904, 95 L.Ed.2d 510 (1987); McCallon v. Travelers Ins. Co., 302 So.2d 676, 679 (La.App.3d Cir.1974). Thus, under article 3463 the initial action legally never occurred and prescription was not interrupted. McCallon v. Travelers Ins. Co., 302 So.2d at 680.
Dr. Howes' failure to appear at the trial of his initial lawsuit on February 20, 1987, constituted a failure to prosecute the suit at the trial within the meaning of LSA-C.C. art. 3463, nullifying the interruption of prescription effected by the filing of the suit on September 18, 1986. When Dr. Howes waited four and one half months, until July 1, 1987, to initiate his present action, the action had prescribed.
Even though this outcome may at first blush appear harsh, plaintiff is complaining of a self-inflicted wound. Plaintiff could have kept his action alive by either filing a motion for a new trial or appealing the dismissal of his first suit. Moreover, he could have timely initiated this action.
For the reasons assigned, the judgment of the trial court sustaining defendant's exception of prescription is affirmed at plaintiff-appellant's costs.
AFFIRMED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, Judge, dissents with written reasons.
I respectfully dissent.
First, I would note that the issue presented by this case has never been decided by the Louisiana Supreme Court. However, the majority concludes that the plaintiff's appearing for trial two hours late constituted failure to prosecute the lawsuit at trial under La.C.C. art. 3463. It holds that "the involuntary dismissal of plaintiff's lawsuit pursuant to LSA-C.C.P. art. 1672(A) nullifies the interruption and suspension of prescription effected by the filing of that action." In coming to this conclusion, the majority relies on two third circuit opinions, Rochon v. Consolidated Construction Co., 497 So.2d 746 (La.App. 3d Cir.1986), writ denied, 501 So.2d 214 (La.1987), cert. denied, ___ U.S. ___, 107 S.Ct. 1904, 95 L.Ed.2d 510 (1987) and McCallon v. Travelers Ins. Co., 302 So.2d 676 (La.App. 3d Cir.1974). However, I disagree with the conclusion reached in those cases and would hold that prescription is interrupted during the time a suit is pending even when it is involuntarily dismissed because the plaintiff failed to appear at trial or because the plaintiff appeared late for trial, as this court concluded in Levy v. Stelly, 230 So. 2d 774 (La.App. 4th Cir. 1970).
The circumstances in Levy, supra, were very similar to those in the instant case. Plaintiff filed a personal injury action on September 27, 1967, seeking damages for *1155 injuries sustained in an automobile accident on January 21, 1967. He subsequently filed a federal court action on the same cause of action on November 22, 1968, more than a year after the accident occurred. The state court action was then dismissed when the plaintiff failed to appear and defendants filed an exception of prescription in the federal action. One of the issues was whether the interruption of prescription was cancelled by the involuntary dismissal of the suit based on plaintiff's failure to appear at trial. This court stated as follows:
The defendant has argued that plaintiff's suit was dismissed for failure to prosecute at trial thereby bringing it within the ambit of LSA-C.C. Art. 3519. This Article provides:
"If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened." (As amended by Acts 1898, No. 107; Acts. 1954, No. 615, Sec. 1; Acts 1960, No. 30, Sec. 1, effective Jan. 1, 1961.)
Defendant uses this Article as a basis to dismiss plaintiff's suit in the Federal Court because that suit was instituted more than one year after the accident.
This argument of defendant is untenable because both judgments dismissing plaintiff's suit are based on LSA-C.C.P. Art. 1672, which provides:
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice."
Dismissing plaintiff's suit for failure to appear is not within the purview of LSA-C.C. Art. 3519, and since the suit was dismissed without prejudice, the interruption of prescription is not cancelled.
Id. at 777-78.
Although duration of prescription is now governed by La.C.C. art. 3463, rather than art. 3519 (quoted in the excerpt above), the two articles are virtually identical, in pertinent part. La.C.C. art. 3463 provides that "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial." The current wording was added by Arts. 1982, No. 187, Section 1. The official comments note that this paragraph "is based on Article 3519 of the Louisiana Civil Code of 1870. It does not change the law."
Notwithstanding the fact that the official comments note that La.C.C. art. 3463 is based on former La.C.C. art. 3519 and that it was not intended to change the law, the third circuit concluded in McCallon, supra, that the 1960 amendment was intended to change the law. The opinion reviews the history of La.C.C. art. 3519, then notes that the article originally provided exceptions only when the plaintiff abandons or voluntarily dismisses the action. Id., 302 So.2d at 678. Abandonment occurred, by the express provisions of the former article, when the plaintiff failed to take any steps toward prosecution of the case for five years. Id. The court opines that since a third exceptionfailure to prosecute the suit at trial was added by the 1960 amendment, obviously the legislature meant for "something else" to be added to the article. Id. at 678. The opinion concludes that the "something else" occurs when the plaintiff fails to appear at trial. The Rochon, supra, opinion is based on the same analysis as that presented in McCallon, supra.
It is well established in Louisiana law that prescriptive statutes should be strictly construed and that when there are two permissible constructions of a rule dealing with prescription, courts should adopt the one which would maintain, rather than bar, the action. Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972). Nonetheless, the third circuit opinions cited by the majority construe the La.C.C. art. 3463 very liberally and chose the alternative which bars, rather than maintains, the action.
I disagree with that analysis. If La.C.C. art. 3463 is strictly construed, it is obvious, as this court noted in Levy, supra, that the article is not intended to provide exceptions to the interruption of prescription in cases *1156 of involuntary dismissal, such as the instant case. A better interpretation of the legislative intent in adopting the 1960 amendment would be to conclude that the legislature chose to shorten the article, but that it was not intended to change the law and add a new group of exceptions to the general rule that prescription is interrupted by the filing of suit in a court of proper venue.
Additionally, I am concerned about the effect of the majority's decision in cases where a involuntary dismissal is granted after the one-year prescriptive period has passed. In such cases, plaintiffs would lose their right to file suit, even though they properly filed the original suit prior to the running of prescription. For that reason also, I am unable to sanction the rule established by the majority and by the third circuit in the cases cited above.
I would also note that the trial judge was entirely within his rights in involuntarily dismissing the case under the facts of the instant case. If the propriety of the dismissal were the issue before this court, I would affirm.
For the reasons stated above, I would reverse the trial court's decision granting the exception of prescription.
NOTES
[1] Plaintiff's original action was entitled, "Randolph M. Howes, M.D. v. Troy Doucet", Civil District Court for the Parish of Orleans, No. 86-16823, Division "C".
[2] Plaintiff did not move for a new trial or appeal the dismissal.
[3] In reaching this conclusion, we choose not to follow this Circuit's dicta in Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970). Levy involved a grant of writ of certiorari by this court, annulling and vacating the trial court's grant of a new trial because the plaintiff's application for a new trial was filed untimely.

The facts are as follows: Plaintiff timely filed suit in state court and while that suit was pending, plaintiff also filed suit on the same cause of action in federal court, but did so more than a year after the date the cause of action arose. The state court action was set for trial in October, 1969 and the federal court action was set for trial in December, 1969. On the day of the state court trial, plaintiff's counsel appeared in court requesting a continuance as he had another trial scheduled for that same day. Both parties were in agreement that the trial court was inclined to grant a continuance with a preference of three weeks, but plaintiff preferred an indefinite continuance and told the court that he had no desire to try the case in state court but would proceed with the case when it came up for trial in Federal Court." 230 So.2d at 775. He also told the court that the only reason he desired the continuance was to preserve his rights against prescription in the federal action. Despite these wishes, the trial court dismissed plaintiff's state case without prejudice. Then, because defendant filed a motion to dismiss plaintiff's federal action on the ground of prescription, plaintiff filed an untimely application for new trial in state court. The trial court granted the plaintiff's application, the defendant sought supervisory writs; the Fourth Circuit granted writs and vacated and annulled the grant of a new trial.
After the Fourth Circuit addressed the issues properly before it, the court digressed into dicta so as to "insure plaintiff's rights in his federal suit." 230 So.2d at 777. The court considered the provisions of (former) LSA-C.C. art. 3519 where it stated, "If the plaintiff in this case, after having made his demand, ... fails to prosecute it at the trial, the interruption of prescription is considered as never having happened." The court stated that a judgment dismissing plaintiff's suit based upon LSA-C.C.P. art. 1672, is not within the purview of LSA-C.C. art. 3519.
The court then discussed the principle that made its previous discussion on C.C. art. 3519 and C.C.P. art. 1672 superfluous and which distinguishes Levy v. Stelly from the instant matter. The court stated that the federal action had not prescribed due to the principle of Louisiana law "that the question of prescription must be determined as of the date of filing a suit." 230 So.2d at 778 (emphasis theirs). Thus, even if "interruption is considered as never having happened" because Levy's state suit was dismissed. Levy's federal suit had the benefit of the former interruption because it was not filed at or after the involuntary dismissal of the state suit. At the time Levy's federal suit was filed, the state court action was pending and prescription was, therefore, interrupted.