PLOTKIN, Judge,
dissenting with written reasons:
For the reasons stated in my dissent in Howes v. Doucet, 531 So.2d 1151 (La.App. 4th Cir.1988), I would vote to overrule Howes and grant this writ on the merits. Therefore, I dissent from the majority’s judgment reversing the trial court’s denial of the exception of prescription.
Plaintiff John Erickson was injured in an automobile accident on January 3, 1986. Erickson was riding in a car driven by Clarence Gisch when it collided with a vehicle owned by the City of New Orleans and driven by Robert Tucker. Plaintiff failed to appear for trial of the matter on April 15, 1987 because he was imprisoned in Florida and his attorney moved for a continuance, which was denied. The trial court then granted a dismissal without prejudice on the motion of relators Gisch and State Farm Mutual Automobile Insurance Co. Subsequently, Erickson refiled his lawsuit on May 18, 1987, some sixteen months after the accident. Relators filed an exception of prescription, which was denied by the trial court.
As noted by the majority, the latest decision from this court addressing the issue presented by the instant case is Howes, supra. In the Howes case, the majority concluded that a plaintiff who failed to appear for trial had “failed to prosecute the suit at the trial” for the purposes of La. C.C. art. 3463, which provides as follows:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
This court held that when a suit is involuntarily dismissed under the provisions of La.C.C.P. art. 1672(A) due to the plaintiff’s failure to appear at trial, the interruption of prescription ordinarily effected by the filing of the lawsuit is cancelled by the above article. Id. The court stated that the plaintiff “could have kept his action alive by either filing a motion for a new trial or appealing the dismissal of his first suit.” Id. at 1154. However, I dissented in the Howes case because I feared that inequities would result from application of the holding in that case to different factual scenarios.
*503 In the Howes case, the accident occurred on June 14, 1986. The plaintiff, who was a medical doctor, failed to appear for trial on February 20, 1987, because he failed to cancel appointments with his patients, and the suit was involuntarily dismissed. The plaintiff then waited four and one-half months after the dismissal refiled his suit on July 1, 1987, one year' and sixteen days after the accident. It was obvious from the facts of the case that the plaintiff would have been able to refile the suit within the original prescription period (i.e. between February 20 and June 14, 1987) had he experienced due diligence for the protection of his rights.
However, in the instant case, the plaintiff did not have that option. The accident occurred on January 3, 1986, and the suit was dismissed on May 18, 1987, more than a year after the occurrence of the accident. The plaintiff therefore had no “grace period” within which to refile the suit, as did the plaintiff in the Howes case. This scenario is probably much more common than the scenario in the Howes case. The facts in the instant case illustrate exactly the problem I foresaw in my dissent in the Howes case, when I stated as follows:
Additionally, I am concerned about the effect of the majority’s decision in cases where an involuntary dismissal is granted after the one-year prescriptive period has passed. In such cases, plaintiffs would lose their right to file suit, even though they properly filed the original suit prior to the running of prescription. For that reason also, I am unable to sanction the rule established by the majority. ...
Additionally, the majority’s conclusion in the Howes case that the plaintiff should properly have sought post-trial remedies by appealing the decision or filing a motion for new trial following the involuntary dismissal of his case rather than filing his suit is not helpful. The rule established by the Howes case makes it impossible for this plaintiff to obtain any relief on post-trial motions. For those reasons, I would overrule the Howes decision and hold that prescription should be suspended for the period of time a suit is pending even when the suit is subsequently involuntarily dismissed because of the plaintiffs failure to appear at trial.