BOWES, Judge.
Plaintiff, Emile J. Camaille, Jr., filed suit for damages. The defendants filed exceptions of prescription which were maintained by the trial court and plaintiff appealed. We affirm.
On March 31, 1971, Emile J. Camaille, Jr., plaintiff-appellant herein, was involved in a motor vehicle, accident.
On March 10, 1972, plaintiff initiated a lawsuit for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. This suit was dismissed for lack of prosecution on September 14, 1982. Plaintiff filed a motion to annul the judgment dismissing his case for lack of prosecution, which motion was denied on September 6, 1988. The plaintiff appealed and this court affirmed the trial court judgment on April 12, 1989. Plaintiff then applied to the Louisiana Supreme Court for a writ of certiorari and review of this court’s decision affirming the trial court’s ruling, which application was denied by the Supreme Court on June 30, 1989. See Camaille v. Shell Oil Co., 542 So.2d 663 (La.App. 5 Cir.1989) writ den. 546 So.2d 1221 (La.1989).
On July 21, 1989, plaintiff instituted the present suit seeking damages arising out of the same motor vehicle accident that occurred on March 31, 1971, some 18 years previously. The defendants filed exceptions of prescription. On November 17, 1989, a judgment was entered by the trial court maintaining the exceptions of prescription of defendants, John Flynn, New Orleans White Truck, Inc. and Liberty Mutual Insurance Company and dismissing plaintiff’s new suit. The judgment was reduced to writing and signed on March 2, 1990. From this judgment maintaining defendants’ exception, plaintiff has filed this appeal.[1]
Initially, we note that Mr. Cam-aille’s motion for appeal was granted on November 27, 1989, after the trial court *30 rendered oral judgment on November 17, 1989, but before the judgment was reduced to writing and signed by the trial judge on March 2, 1990. The appeal is, therefore, technically “premature.” LSA-C.C.P. art. 1911. However, because the final judgment has been signed, this “defect” is considered cured and this appeal is maintained. Overmier v. Traylor, 475 So.2d 1094 (La.1985); Hairr v. Hairr, 530 So.2d 1 (La.App. 1 Cir.1988).
In this appeal, Mr. Camaille argues that because he filed this second suit within a year after the judgment dismissing his first suit for failure to prosecute became final, the one-year liberative prescriptive period was continually interrupted and, therefore, the trial court erred in holding that his cause of action for damages had prescribed.
An action for damages such as the one in the case sub judice is subject to a liberative prescription period of one year. LSA-C.C. art. 3492. The running of this prescriptive period is interrupted by the proper and timely filing of a lawsuit and this interruption continues during the pendency of the suit. LSA-C.C. 3462. Ordinarily, if prescription is interrupted, the time that has run is not counted and prescription commences to run anew from the last day of the interruption. LSA-C.C. 3466; Howes v. Doucet, 531 So.2d 1151 (La.App. 4 Cir.1988). However, an exception to this general rule is set forth in LSA-C.C. art. 3463:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial. [Emphasis added]
“The purpose of the article is to prohibit the plaintiff from voluntarily dismissing his suit on a cause of action and later filing suit on the same cause of action.” Levy v. Stelly, 277 So.2d 194 (La.App. 4 Cir.1973) writ den. 279 So.2d 203 (La.1973).
In the instant case, appellant has done exactly this. He originally filed a suit for damages in 1972. The trial court dismissed that suit in 1983 for plaintiffs failure to prosecute for five years and this court subsequently affirmed that judgment. Camaille v. Shell Oil Co., supra. Therefore, under Article 3463, supra, the filing of appellant’s first suit for damages did not interrupt the running of prescription and the filing of this suit, some eighteen years after the accident in which the alleged damages occurred, is untimely, and it does not interrupt prescription.
It is with some reluctance that we affirm the judgment of the trial court dismissing plaintiffs suit. Mr. Camaille’s suit was not amicably settled and he has never had his “day in court.” However, the Legislature, by its enactment of LSA-C.C. art. 3463, has stated clearly and unequivocally that the one-year liberative prescriptive period applicable to suits for damages is not interrupted by the filing of a suit if that suit is subsequently dismissed for failure to prosecute for 5 years. This is exactly what happened and this court is powerless to rule otherwise, even though we would like to for reasons of equity and fairness.
Accordingly, the judgment of the trial court maintaining the exceptions of prescription on behalf of defendants, John Flynn, New Orleans White Truck, Inc. and Liberty Mutual Insurance Company, is affirmed. The costs of this appeal are assessed against plaintiff/appellant.
AFFIRMED.

. On December 6, 1989, the exceptions of prescription filed by the remaining defendants were maintained by the trial judge. This judgment was reduced to writing and signed on March 1, 1990.