809 So.2d 916 (2002)
Terrance TUNSTALL
v.
Elvin STIERWALD and Travelers Insurance Company.
No. 2001-C-1765.
Supreme Court of Louisiana.
February 26, 2002.
*918 Angela M. Heath, Marc G. Shachat, Campbell E. Wallace, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, Counsel for Applicant.
Robert G. Harvey, Sr., Mark P. Glago, Maria Del Carmen Calvo Broce, Harvey, Jacobson & Glago, New Orleans, Counsel for Respondent.
TRAYLOR, J.
In this personal injury suit, we are called upon to review the ruling of the court of appeal, affirming the trial court's amended judgment. After a review of the record and the applicable law, we find the court of appeal erred in affirming the trial court's judgment. Accordingly, for reasons set forth herein, we reverse the judgment of the court of appeal and reform the trial court's judgment.

FACTS AND PROCEDURAL HISTORY
The underlying facts are undisputed. On February 11, 1996, plaintiff Terrance Tunstall, was driving a taxi cab on Toulouse Street at the intersection of Toulouse Street and North Rampart when his vehicle was struck by a Chevrolet Suburban, driven by defendant, Elvin Stierwald.
As a result of the accident, on August 29, 1996, plaintiff filed suit against Elvin Stierwald and Travelers Insurance Company, alleging that Travelers provided liability coverage for the vehicle operated by Stierwald. Specifically, paragraph five of plaintiffs petition states:
At all times relevant Travelers Insurance Company provided liability coverage for the vehicle operated by Elvin Stierwald on the date of this accident, for the types of damages sought herein, and Travelers Insurance Company is made a party defendant. [emphasis in original]
Thereafter, on October 31, 1996, Phoenix Insurance Company filed an answer to plaintiffs petition, stating:
"NOW INTO COURT, through undersigned counsel, comes defendant, The Phoenix Insurance Company (improperly identified as Travelers Insurance Company),
* * *
5.
The Phoenix Insurance Company admits it had a policy with Elvin Stierwald and specifically pleads the policy."
The parties then conducted discovery, in which dozens of deposition notices and pleadings were filed into the record. It is worthy to note that Travelers was never listed as a party defendant on any of the pleadings, rather all notices listed counsel for "Phoenix Insurance Company."
On February 13, 1998, plaintiff filed a "Motion to Set for Trial on the Merits." The motion, which required the mover to list the name of each party to the lawsuit, listed as defendants only Elvin Stierwald and the Phoenix Insurance Company.[1]
*919 Ultimately, the matter proceeded to trial on August 19th and September 20, 1999. The judgment, rendered on November 5, 1999, listed the following parties as present:
Robert G. Harvey, Sr., Attorney for Terrance Tunstall
James Morse, Attorney for Elvin Stierwald and Phoenix/Travelers Ins. Company.
The trial court found in favor of plaintiff, awarding him $1,006,674.00 in damages. In the judgment, the trial court named as defendants, "Elvin Stierwald and Phoenix/Travelers Insurance Company." In the court's reasons for judgment, the trial judge focused primarily on the gravity of damages suffered by plaintiff as well as his loss of earnings. The court also rejected defendant's theory that plaintiff's injuries were called primarily by the second accident rather than by this accident.[2] The reasons for judgment never stated that Phoenix acted in bad faith nor did it indicate that there was a question as to the identity of Mr. Stierwald's insurer.
On November 15, 1999, defendants filed a motion for new trial, specifically contending (1) the judgment was contrary to law; (2) the judgment was excessive; and (3) the judgment was in excess of the policy limits. On December 3, 1999, the trial court denied defendants' motion for new trial.[3] That same day, an amended judgment was issued, stating:
"[t]his Honorable Court noted a typographical error and amended the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein, with prejudice, in favor of plaintiff Terrance Tunstall, and against the defendants, Elvin Stierwald, Phoenix Insurance Company and Travelers Insurance Company."
Based on the amended judgment, specifically naming Travelers as a party, both Phoenix and Travelers appealed the decision.
The court of appeal affirmed the trial court's judgment. Tunstall v. Stierwald, et al., 00-0823 (La.App. 4th Cir.5/16/01), 796 So.2d 937, (Not Designated for Publication). The court found that the trial court did not err in casting both Travelers and Phoenix in judgment. In reaching this conclusion, the court determined that the trial court found ambiguities in the Phoenix and Travelers policies, policy limits and terms regarding prejudgment interest. The court further pointed out that "considerable confusion" existed concerning the connection between the Travelers policy booklet and the Phoenix Declarations Page.
We granted Travelers and Phoenix's writ to review the correctness of the lower courts' judgments. Tunstall v. Stierwald, et al., 01-1765 (La.10/5/01), 798 So.2d 953.

LAW AND DISCUSSION
It is well recognized that it is the duty of the appellate court to "do more than just simply review the record for some evidence which supports or controverts the trial court's findings; it must instead review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." Lasyone v. Kansas City Southern R.R., 00-2628 (La.4/3/01), 786 So.2d 682. The case before the court raises several issues, many of which did not arise until *920 after the trial on the merits. Thus, we must consider entire record and the applicable law to determine the correctness of the lower courts' rulings.

I. Whether the trial court erred in amending the original judgment.
The trial judge amended the original judgment, noting that he was only making a correction to a "typographical" error in the judgment. La.Code Civ. P. art.1951 allows amendments to a judgment only when the amendment is made to correct calculation errors or to alter phraseology. Thus, a judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Baptiste v. Southall, 157 La. 333, 102 So. 420 (1924). Accordingly, we must determine whether the changes in the amended judgment affected the original judgment.
The original judgment, rendered on November 5, 1999, was against Elvin Stierwald and Phoenix/Travelers Insurance Company. Although the judgment names Phoenix/Travelers as the party cast in judgment, Phoenix/Travelers is, in fact, a non-existent legal entity. The record reflects that the only defendant answering plaintiff's petition as the insurer for Elvin Stierwald was Phoenix Insurance Company. Based on the record, the only defendant/insurer capable of being cast in judgment in this matter was Phoenix. Moreover, once Phoenix answered, pointing out that Travelers was improperly named, plaintiff was on notice as to the true identity of Stierwald's insurer, i.e. Phoenix. Plaintiff never sought a default judgment against Travelers and did not object to Phoenix's participation as the insurer of Stierwald. Although the court of appeal found the trial court did not err in finding both Travelers and Phoenix liable to plaintiff, we see no authority in the record which would support finding Travelers liable to plaintiff for two reasons. First, Travelers never answered plaintiffs petition. Second, Phoenix was the only insurer answering plaintiff suit and accepting liability for Stierwald.[4] Thus, we conclude the only insurer of Elvin Stierwald at the time of judgment in this matter was Phoenix.
Although the record does not contain a motion for new trial to correct the name of the insurance company, on December 3, 1999, the district court rendered an amended judgment, in which Phoenix/Travelers was replaced by Phoenix Insurance Company and Travelers Insurance Company. Changing the name of a party cast in the judgment is a change of substance and not of phraseology. Davenport v. Amax Nickel, Inc., 569 So.2d 23 (La.App. 4th Cir.1990). The trial judge in this matter added the name of a party who never answered plaintiff's petition. Furthermore, the record is void of any indication that a default judgment was taken against Travelers. Although the error may have appeared obvious to the parties and the court, the change should not have been accomplished by the court's own motion, but should have been done contradictorily. Mitchell v. Zeringue, 497 So.2d 19 (La.App. 5 Cir.1986); Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970). While the usual remedy of the appellate court in such a case is to vacate the amended judgment and reinstate the original judgment, the instant case will not be resolved by such a remedy. See Schexnayder v. Schexnayder, 503 So.2d 104 (La.App. 5 *921 Cir.1987); Levy, supra. To reinstate the original judgment would be to allow a judgment to stand that holds a non-entity, i.e. Travelers/Phoenix in judgment. La. Code Civ.P. art. 2164 allows this court to "render any judgment which is just, legal and proper upon the record on appeal." Howard v. Allstate Ins. Co., 520 So.2d 715, (La.1988). Phoenix answered plaintiffs lawsuit, not Travelers. Accordingly, based on the record on appeal, we deem it just, legal and proper not only to vacate the amended judgment and reinstate the original judgment, but also to revise the original judgment to delete Travelers Insurance Company, adding in its place the proper party defendant, Phoenix Insurance Company.

II. Whether the court of appeal erred in finding evidence of policy limits other than the $50,000 limits of liability in the Phoenix Policy.
Phoenix contends that only one policy was introduced and that the limits of that policy were clearly established at $50,000. Plaintiff disagrees, arguing that defendants problem is two fold. First, plaintiff maintains that defendants failed to establish the connection between the Phoenix policy and the Travelers policy. Second, plaintiff argues that defendants failed to establish the limits of liability of either policy.
In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage. Collins v. New Orleans, Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir.1970). The insurer, however, bears the burden of showing policy limits or exclusions. Massachusetts Protective Ass'n. v. Ferguson, 168 La. 271, 121 So. 863 (1929). It is undisputed that Phoenix issued a policy to Mr. Stierwald. However, plaintiff maintains that it is unclear as to whether Phoenix satisfied its burden of establishing the policy limits.
During trial, Phoenix introduced its policy booklet and declarations page. The Travelers Policy booklet listed, on the bottom of each page, the "Endorsement Symbol Number A17011." The policy was also designated as Edition 6 of Policy forms 101 and LP. As to the declarations page, it provided in pertinent part:
ITEM 4: THE LIMITS OF THE COMPANY'S LIABILITY AGAINST EACH
 COVERAGE ARE AS STATED IN THIS ITEM, SUBJECT TO ALL
 RELEVANT TERMS OF THIS POLICY. "N/A" MEANS THAT COVERAGE
 IS NOT PROVIDED. WHEN IT APPEARS IN A PREMIUM
 COLUMN FOR A CAR, THAT COVERAGE IS NOT PROVIDED FOR
 THAT CAR. THE PREMIUMS APPEARING IN THIS ITEM ARE FOR
 THE POLICY PERIOD SHOWN IN THAT ITEM 2.
COVERAGES LIMITS OF LIABILITY
A. BODILY INJURY ............$50,000 EACH PERSON/$100,000 EACH ACCIDENT
B. PROPERTY DAMAGE ............................... $50,000 EACH ACCIDENT
SYMBOL NUMBERS OF ENDORSEMENTS FORMING A PART OF THIS POLICY
ON EFFECTIVE DATE OF THESE DECLARATIONS: A17011
POLICY EDITION: 6 POLICY FORM: 101 TOTAL PREMIUM $1944
ITEM 5: LOSS PAYEE: CAR 1 METAIRIE BANK POB 217 METAIRIE LA
 CAR 2 GMAC POB 2525 HUDSON OH 44236
 CAR 3 METAIRIE BANK POB 217 METAIRIE LA
*922
ITEM 6: INSURER: THE PHOENIX INSURANCE COMPANY [emphasis
 added]
A review of the record reveals that Phoenix introduced the policy and the declarations page. While plaintiff contends that there are ambiguities as to which entity insured Mr. Stierwald, the policy is clear, at ITEM 6 on the declarations page, that Phoenix is Mr. Stierwald's insurer. When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the court should rely on the document. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741. The declaration page read together with the policy booklet establishes that the booklet and the declarations page are to be read together and form one policy. The declarations page indicates that it is to be considered a part of a policy which conforms to the following: (1) Policy Edition 6; (2) Policy Form 101; and (3) policy symbol number A107011. The policy booklet entered into evidence conforms to all three requirements. The policy booklet indicates that it is Policy Edition No. 6, is form 101, and its endorsement symbol is A17011. It is clear from the evidence, that only one policy existed, the Phoenix Policy. The court also agrees with Phoenix that the only policy limits introduced at trial was $50,000 as shown on the declarations sheet introduced at trial. Thus, we find that Phoenix satisfied its burden in establishing its $50,000 policy limits.

III. Whether the trial court erred in awarding plaintiff damages in excess of the $50,000 policy limits.
In Smith v. Audubon Ins. Co., 95-2057 (La.9/5/96), 679 So.2d 372, this court recognized the responsibility of a liability insurer to deal in good faith with a claim against its insured. The court further pointed out that Louisiana courts have never held a liability insurer liable for an excess judgment rendered against the insured absent a showing that the insurer failed to deal in good faith with a claim against its insured. Id.
Plaintiff does not dispute that he did not raise the issue of bad faith at trial. Moreover, a review of the record and the trial court's judgment does not reveal that the trial court addressed the issue of whether Phoenix acted in bad faith. Thus, since the issue was never addressed in the lower courts, the record is void of any evidence to find that Phoenix acted in bad faith. Accordingly, we find that the trial court erred in awarding damages against Phoenix in excess of its established policy limits and amend the trial court's judgment to limit plaintiff's recovery against Phoenix to the policy limits, $50,000.

IV. Travelers and Phoenix's Exceptions of No Right of Action.
In their joint application to this court, Travelers and Phoenix filed an exception of no right of action. Phoenix alleges the existence of Stierwald's "Assignment of Rights" is invalid as a matter of law. Moreover, Phoenix argues that it is only obligated to plaintiff to the extent of the policy limits. As to Travelers' exception, it argues that it is not an insurer of Stierwald. Travelers submits that Phoenix, one of its affiliates, is the insurer of Stierwald and declares that the record clearly establishes that Phoenix is Stierwald's insurer.
Based on the above reasoning provided in this opinion, Travelers and Phoenix's exceptions are hereby denied.

*923 CONCLUSION
Based on the evidence and the applicable case law, we find that the trial court erred in amending the judgment to name Travelers Insurance Company as a defendant. Moreover, no evidence was presented to establish or allege that Phoenix acted in bad faith in the handling of this claim. Thus, we find the trial court erred in casting Phoenix in judgment in excess of its policy limits.
Accordingly, we affirm the trial court's finding of liability but reform the judgment to reflect Elvin Stierwald's insurer, Phoenix Insurance Company, as the only insurer. Finally, we reform Phoenix's liability to its policy limits of $50,000.

DECREE
It is hereby ordered, adjudged and decreed that the judgment of the lower courts is affirmed as to liability only. The judgment is reformed to list only Elvin Stierwald and the Phoenix Insurance Company as defendants. Furthermore, Phoenix's liability to plaintiff is limited to the policy limits of $50,000.
REVERSED AND RENDERED.
VICTORY and JOHNSON, JJ., concur.
NOTES
[1] The motion states, in pertinent part:

THE ATTORNEY SUBMITTING THIS MOTION IS REQUIRED TO PROVIDE BLOW OR ON THE REVERSE SIDE:
1) The name of each party to this lawsuit and their status, i.e. defendant, Third Party, Plaintiff
2) The name, address and phone number of each attorney representing each party.
[2] According to the record, plaintiff stepped into a gravel indentation in a parking lot and his leg gave out, causing him to fall.
[3] The initial trial was heard by Judge Ad Hoc Louis DiRosa. However, the motion for new trial was heard by the judge permanently assigned to that division of court, Judge Roland Belsome.
[4] Bituminous Fire and Marine Insurance Company was named as an insurer of Stierwald through his employment with Angelo's Bakery. However, Bituminous was eventually dismissed though a motion for summary judgment and was not a party at the time of judgment.