843 So.2d 1237 (2003)
Rhonda N. RYLAND,
v.
ST. MARY'S RESIDENTIAL TRAINING SCHOOL.
No. 03-0027.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
*1238 Peggy D. St. John, Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, for Defendant/Appellant, Saint Mary's Residential Training School.
Rhonda N. Ryland, Pineville, LA, in proper person.
Court composed of Chief Judge NED E. DOUCET, JR., JOHN D. SAUNDERS and JIMMIE C. PETERS, Judges.
PETERS, J.
This case is on appeal by St. Mary's Residential Training School from a judgment ordering it to comply with a compromise entered into with its former employee, Rhonda Ryland. For the following reasons, we affirm.

DISCUSSION OF THE RECORD
On December 13, 2000, Rhonda Ryland filed a claim for compensation, alleging that she injured her neck and back on May 26, 1999, while lifting and loading concrete cylinders in the course and scope of her employment with St. Mary's Residential *1239 Training School (St. Mary's). On July 30, 2001, Ms. Ryland filed an amended claim, requesting, in part, authorization for an anterior lumbar interbody fusion. Subsequently, St. Mary's filed a reconventional demand seeking (1) to have any benefits to which Ms. Ryland might be entitled declared forfeited, (2) civil penalties, and (3) restitution of benefits already paid. In the alternative, St. Mary's sought to be relieved of its obligation to pay further benefits on the basis that Ms. Ryland was capable of earning at least ninety percent of her pre-injury wages. Ms. Ryland then sought to invoke the penalty provisions of La.R.S. 23:1208 against St. Mary's for allegedly making willful misrepresentations.
Thereafter, the parties agreed to settle their claims. On June 26, 2002, St. Mary's attorney recited in open court the terms of the settlement as follows:
In return for waiving any and all worker's compensation claims as of today, with termination of indemnity benefits as of today, [St. Mary's] is willing to pay directly to the healthcare providers under the worker's compensation fee schedule a one time surgery for an anterior lumbar fusion at the L5-S1 level and for the doctor's post-op visits until Ms. Ryland has been discharged from the doctor's care. ... [I]t will be that she will access her rights to that surgery within the next six months."
Ms. Ryland appeared on her own behalf, unrepresented by counsel, and stated for the record that she was in agreement with the recitation of the compromise. The workers' compensation judge (WCJ) approved the settlement, stating: "[T]his is a complicated matter and it involves claims of misrepresentation. ... Given the nature of the claim and ... especially regarding misrepresentation, the Court does find that this compromise is in your best interest, Ms. Ryland, and I do approve the compromise as it has been stated for the record...." On August 6, 2002, the WCJ signed an order of dismissal.
On October 18, 2002, Ms. Ryland filed a Motion to Enforce Judgement, contending:
"[T]he settlement is not being handled fairly. We discussed what things were going to be covered under the surgery and when we got to court the things were not specifically listed one by one. I would like to be heard before the judge." Specifically, Ms. Ryland wanted approval for a back brace, medications, and physical therapy she asserted that she needed after surgery. St. Mary's countered with a claim for attorney fees due to the frivolous nature of the motion.
The WCJ conducted a hearing on the issue on October 28, 2002, and stated:
It seems preposterous to this Court that a payor of benefits who's authorized surgery would exclude medication for such a serious procedure. Certainly if they had intended to preclude the payment for medication the employer who recited this information for the record would have made that clear.
Likewise, with respect for the ... back brace ... these things are to facilitate the surgery and make sure that the surgery is successful.
I do have recollection of discussion about physical therapy [off the record]. I recall specifically that the employer declined to pay for any physical therapy after the surgery. ...
. . . .
So I would order that the employer provide [Ms. Ryland] with the brace and [her] medications.
However, I decline to order under this settlement that the employer provide [Ms. Ryland] with physical therapy....
On that same day, the WCJ signed an order to that effect.
*1240 St. Mary's appeals, contending that the WCJ's order is an absolute nullity because it substantively amended the June 26, 2002[1] order. In the alternative, St. Mary's contends that the WCJ erred in determining that the June 26, 2002 agreement was broad enough to include the postoperative back brace and medications; in prospectively ordering it to pay for items for which no evidence was adduced in the record; and in rendering an order that was imprecise, indefinite, and uncertain.

OPINION
Louisiana Code of Civil Procedure Article 1951 provides in part that "[a] final judgment may be amended by the trial court at any time ... (1) [t]o alter the phraseology of the judgment, but not the substance; or (2) [t]o correct errors of calculation." St. Mary's contends that the WCJ's October 28, 2002 order directing that it pay for the back brace and medications constituted a prohibited amendment to the June 26, 2002 order and is therefore an absolute nullity.
"[A] judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment." Tunstall v. Stierwald, 01-1765, p. 4 (La.2/26/02), 809 So.2d 916, 920. In the instant case, the judgment of October 28, 2002, added nothing to the order of June 26, 2002. It merely altered the phraseology to specify for purposes of enforcing the prior judgment that which was already incorporated into the prior judgment. See also King v. Doctor's Hosp. of Opelousas, 01-1534 (La.App. 3 Cir. 5/8/02), 817 So.2d 473, writ denied, 02-1553 (La.9/30/02), 825 So.2d 1193.
Specifically, a brace and medications prescribed as treatment in conjunction with the lumbar fusion are necessarily concomitant with the procedure itself, as would be the anesthesia, lap pads, hospital stay, etc. Each such item need not be enumerated in the settlement to be understood as included therein. Especially considering "the ameliorative objectives of our workers' compensation laws," Maxie v. Brown Industries, Inc., 95-19, p. 9 (La. App. 3 Cir. 5/31/95), 657 So.2d 443, 448, writ denied, 95-1630 (La.10/6/95), 661 So.2d 469, and "the humanitarian principles underlying our workers' compensation laws," Mullins v. Courtney Equipment, 95-989, p. 8 (La.App. 3 Cir. 1/31/96), 670 So.2d 329, 333, St. Mary's could not have realistically contemplated not paying for the brace and medications required in conjunction with the procedure itself.
"[T]he compromise instrument is the law between the parties and must be interpreted according to the parties' true intent." Brown v. Drillers, Inc., 93-1019, p. 7 (La.1/14/94), 630 So.2d 741, 748. Further, La.Civ.Code art. 3073 provides in part: "Transactions [or compromise agreements] regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them." Importantly, "[i]n applying the rule of construction set forth in LSA-C.C. Art. 3073, courts are guided by the general principle `that the contract must be construed as a whole and in light of attending events and circumstances.' Succession of Teddlie, 385 So.2d 902, 904 (La.App. 2d *1241 Cir.), writ refused, 393 So.2d 742 (La. 1980); LSA-C.C. Art. 2050. Thus, the intent which the words of the compromise instrument express in light of the surrounding circumstances at the time of execution of the agreement is controlling." Brown, 630 So.2d at 748.
In Weiss v. Nikon, Inc., 99-0111 (La. App. 4 Cir. 9/22/99), 745 So.2d 84, the parties entered into a settlement with the employer agreeing in part to pay for the employee's medical expenses and vocational rehabilitation, which was approved by the WCJ. Thereafter, the employee filed a motion to enforce the settlement. The WCJ rendered judgment on that motion, ordering the employer to pay all medical expenses, including expenses incurred before and after the settlement agreement, as well as certain vocational rehabilitation expenses. On appeal, the employer contended that the judgment compelling the payment of past medical expenses was beyond the scope of the settlement. The fourth circuit affirmed the WCJ's judgment regarding the payment of past medical expenses on the basis that ambiguity in the settlement must be construed against the party who furnished its text, i.e., the employer. Additionally, the fourth circuit rejected the employer's argument that its obligation under the settlement to pay rehabilitation expenses was limited to the opportunities listed in La.R.S. 23:1226. The fourth circuit held that the WCJ did not err in ordering that the employee receive vocational rehabilitation at a facility recommended by her treating physician, despite the fact that the settlement apparently did not specify such.
Likewise, even though the costs of the medications and brace concomitant with the surgery were not specified in the settlement, the WCJ did not err in concluding that they were included therein. As such, the October 28, 2002 judgment merely altered the phraseology of the June 26, 2002 judgment and did not add to or take away from it.
In any event, St. Mary's contends that the WCJ erred in prospectively ordering it to pay for items for which no evidence was adduced in the record. Because issues related to the brace and medications associated with the surgery were subsumed into the settlement, evidence as to those items was not at issue at the hearing on the motion to enforce the settlement. Further, our supreme court has recently stated in Authement v. Shappert Engineering, 02-1631 (La.2/25/03), 840 So.2d 1181, that a failure to authorize treatment is effectively a failure to furnish benefits. Thus, Ms. Ryland need not have incurred the expenses in order for St. Mary's to be responsible for them. St. Mary's is protected by the reimbursement schedule pursuant to La.R.S. 23:1034.2.
Finally, St. Mary's contends that the WCJ erred in rendering an order that was imprecise, indefinite, and uncertain. It asserts:
No third person can read and understand exactly what is to be paid. It fails to identify the back brace. It fails to identify the specific "medications." It provides no guidance whatsoever as to the identity of the medications the judge has directed the employer to pay. Are they non-prescription as well as prescription medications? What if these medications have no relationship to the surgery? What if the doctor dispensing the prescriptions is not the same doctor who performed Ryland's surgery? What if the doctor dispensing the prescriptions is treating her for a condition unrelated to her surgery?
We do not find that the judgment below is imprecise, indefinite, or uncertain. It orders enforcement of the settlement. Importantly, *1242 this is not a judgment for personal injury damages. An exact dollar amount for the medical expenses need not be specified in this particular case. Further, regarding the back brace, the order requires St. Mary's to approve and pay for "the recommended back brace for the surgery to be performed." (Emphasis added.) Additionally, regarding medications, at the hearing on the motion to enforce the prior judgment Ms. Ryland herself limited the issue to prescribed medications, stating: "I asked ... if medications were going to be covered, before, during and after medications, you know if anything has to be prescribed." (Emphasis added.) Further, the WCJ was clearly addressing only prescription medications concomitant with the surgery: "It seems preposterous to this Court that a payor of benefits who's authorized surgery would exclude medication for such a serious procedure." (Emphasis added.) Thus, St. Mary's must authorize and pay for the back brace that is recommended for the surgery as well as prescription medications associated with the surgery. There is no error in the judgment below.

DISPOSITION
For the foregoing reasons, we affirm the judgment below in all respects and assess costs of this appeal to St. Mary's Residential Training School.
AFFIRMED.
NOTES
[1] We note that, while the compromise was recited into the record on June 26, 2002, the WCJ's order was not reduced to writing until August 6, 2002. For purposes of this opinion, however, we will reference the order as the June 26, 2002 order.