# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-223

**GERALD GREENE**

**VERSUS**

**HIGHLANDS INSURANCE COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## OFFICE OF WORKERS COMPENSATION, DISTRICT 04
## PARISH OF LAFAYETTE, DOCKET NO. 10-3635
## HONORABLE ADAM JOHNSON, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters and John E. Conery, Judges.

**REVERSED AND REMANDED.**

William Ken Hawkins
1180 Highway 51, Suite A
Ponchatoula, LA  70454
(985) 386-3717
**ATTORNEY FOR PLAINTIFF/APPELLANT**
   Gerald Greene

James D. Bayard
Onebane Law Firm
1200 Camellia Boulevard, Suite 300
P.O. Box 3507
Lafayette, LA  70502-3507
(337) 237-2660
**ATTORNEY FOR DEFENDANT/APPELLEE**
   Highlands Ins. Co.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

The claimant, Gerald Greene, was involved in a work-related accident on September 19, 1995, while employed by Lincoln Big Three, Inc. At the time, Lincoln's worker's compensation insurer was Highlands Insurance Company. Subsequent to the accident, Highlands began paying claimant supplemental earnings benefits (SEB).

On February 9, 2006, Highlands filed a Form 1008 Disputed Claim for Compensation (1008), seeking termination of SEB retroactive to September 21, 2005. Highlands based this on its belief that claimant was working and/or was capable of working and, thus, was not entitled to SEB beyond 520 weeks.

On March 16, 2006, claimant filed his own 1008 claim, alleging he was totally and permanently disabled and, thus, entitled to continued indemnity benefits. Claimant's 1008 claim was treated as a reconventional demand. Highlands filed an answer to the claimant's allegations, contending if claimant is found to be permanently disabled, then they are entitled to a social security offset pursuant to La.R.S. 23:1225(A). Highlands maintained that a Form 1004 obtained in March 2006, showed the federal offset being taken as of 2005 (and still in effect in 2006), was $604.60, which calculates to a weekly offset of $139.55.

Eventually, the parties entered into a formal stipulation providing: (1) Claimant was totally and permanently disabled; (2) Highlands was entitled to a "reverse offset of $139.55 per week retroactive to the date of judicial demand, March 28, 2006; and (3) Highlands would pay benefits in the amount of $184.16 per week from March 28, 2006. That stipulation was signed by counsel for both parties and filed into the record. A proposed judgment reflecting the stipulation was submitted to the Office of Workers' Compensation (OWC) on May 15, 2007,

2

jointly by both parties and signed by counsel for both parties. The judgment was signed by the workers' compensation judge, Sam Lowery, the following day, May 16, 2007, and stated in pertinent part:

> Pursuant to the stipulation of the parties entered herein,
>
> IT IS ORDERED ADJUDGED AND DECREED that Gerald Greene be and is hereby declared totally and permanently disabled. It is further
>
> ORDERED ADJUDGED AND DECREED that Highlands Insurance Company is entitled to an offset for Social Security payments received pursuant to Louisiana Revised Statute 23:1255A in the amount of $139.55. It is further
>
> ORDERED ADJUDGED AND DECREED that Gerald Green [sic] is therefore entitled to compensation at the rate of $323.71 to the date of March 27, 2006 with a credit for compensation previously paid by Highlands Insurance Company and compensation at the rate of $184.16 from the date of March 28, 2006. It is further
>
> ORDERED ADJUDGED AND DECREED that the social security offset shall not be rendered effective until such time as the Social Security Administration shall recognize the offset and reverse same, with Highlands Insurance Company being granted a credit for any overpayment made between the date of March 28, 2006, and the date the Social Security Administration recognizes this offset. It is further
>
> ORDERED ADJUDGED AND DECREED that all claims of Highlands Insurance Company herein are dismissed without prejudice, and that all other claims of Gerald Greene in this matter are dismissed, with all parties reserving the rights to any future disputes and/or claims which may arise.

The judgment was also signed by counsel for both parties. No motion for new trial or appeal was filed. In accordance with the judgment, Highlands did not begin taking the offset until the Social Security Administration recognized the offset on May 28, 2006. This resulted in overpayments totaling $14,792.30. In August of 2008, Claimant repaid Highlands $11,753.31, which left $3,038.99 in outstanding overpayments due.

On April 20, 2010, Claimant filed a 1008 claim alleging improper Social Security offset. Claimant contended Highlands was entitled to an offset, but only

to the extent that the Social Security Administration was exercising their offset, which was only $158.00 per month. Thus, Claimant contended the offset taken by Highlands was excessive. Defendants maintained the joint stipulation setting the amount of the "reverse offset" due was correct, but, in any event, Claimant is prohibited by La.Code Civ.P. art. 1951 from altering the substance of a final judgment.

The 1008 claim was filed more than two years and eight months after the May 16, 2007 judgment became final. The matter was tried before the OWC (heard by a different WCJ, Adam Johnson) on June 20, 2013, and taken under advisement with post-trial briefs submitted by the parties. The WCJ specifically requested the parties address three issues: (1) whether the judgment entered on May 16, 2007, can be amended; (2) if the judgment is amended, what is the correct calculation to be followed for the "reverse offset" and the resulting indemnity to be paid to Claimant; and (3) what is the correct amount of the overpayment made by Highlands in light of the "reverse offset" calculation.

The WCJ issued his ruling in open court, finding under La.Code Civ.P. art. 1951, the substance of a final judgment may not be altered nor amended. Thus, holding it did not have authority to amend a previous final judgment entered by the OWC, it did not reach the issues of the proper offset to have been paid, and any resulting overpayment. Thus, Claimant's 1008 was dismissed with prejudice. The WCJ also ruled Highlands was entitled to a credit against SEB in the amount of $3,038.99, which purportedly reflected the balance of the overpayments made by Highlands in 2007 and 2008, while waiting for the Social Security Administration to recognize the reverse offset. A final judgment was signed by the WCJ, and Claimant lodged this appeal, asserting the trial court's judgment was erroneous.

4

# ANALYSIS

Initially, we note the reverse offset implemented by Highlands is statutorily provided for in La.R.S. 23:1225(A), which provides for an offset by the employer or insurer against social security disability benefits as follows:

> The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workers' compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury.

Essentially, Highlands argues because of the stipulations entered into between the parties, they are entitled to receive the offset previously determined by the parties regardless of the amount Claimant actually collects. We disagree, finding such a result is contrary to the statute.

Section 1225 is a wage-loss benefit coordination statute. *Al Johnson Constr. Co. v. Pitre*, 98-2564 (La. 5/18/99), 734 So.2d 623. Benefit coordination laws serve a dual purpose in the system of wage-loss protection; namely, these laws assure an employee receives some type of recovery for lost wages, while precluding him from receiving duplicative benefits that exceed his actual pre-injury wages. *Id.*

The Social Security Act, 42 U.S.C. § 424a, requires that Social Security Disability (SSD) benefits be reduced when the combined benefits from SSD and workers' compensation amount to more than eighty percent of the injured

5

employee's prior earnings. *Johnson v. Pitre*, supra. The Louisiana Legislature specifically provided for an offset for SSD benefits only in the case of permanent total disability. Once this requirement is met, an offset is allowed, but "provided that this reduction shall be made only to the extent that the amount of the combined federal and workers' compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a." La.R.S. 23:1225(A).

In this case, Claimant maintains it is contrary to La.R.S. 23:1225 for Highlands to take a retroactive offset back to March 28, 2006, when the Social Security Administration only reversed the offset back to May of 2007. Moreover, Claimant notes the reverse offset adjusted by the Social Security Administration was $158.00 per month, but Highlands maintains it is entitled to the offset of $604.72 per month pursuant to the stipulation entered into previously.

In this case, the record establishes that May 16, 2007 judgment gives retroactive effect to Highland's request for a reverse offset back to March 28, 2006. However, the record also reflects that when the Social Security Administration recognized the offset in 2008, it only went back to the date of the judgment, May 16, 2007 and not March 28, 2006. Further, at that point, the Social Security Administration only increased Claimant's Social Security benefits by $158.00 per month. When Highlands then began taking its reverse offset of $604.72 per month, Claimant was left with a reduction in combined benefits of $446.72 per month. While there is no dispute that Highlands was entitled to take an offset in accordance with La.R.S. 23:1225, it can only be done to the extent that the Social Security Administration was exercising their offset. That was not the case here.

6

The interpretation of the statutes must be consistent with the objective of benefit coordination laws, which are designed to ensure the employee receives certain wage-loss protection. Were we to grant Highlands the full offset it claims entitlement to, Claimant would experience a significant shortfall in the benefits he is receiving and would be subject to a repayment of over $3,038.99 to Highlands. To allow such a result here would defeat the statute's objective and militate against the receipt of deserved benefits.

Highlands also has argued it had no burden of proof with regard to the amount of the offset to which it claimed it was entitled. However, the law does not support that belief. Louisiana Revised Statutes 23:1225, to the extent it serves to authorize a limit or reduction of the workers' compensation obligation an employee is entitled due to the receipt of other enumerated benefits, is a restriction on an injured employee's right to workers' compensation benefits and must be strictly construed. *Cousins v. City of New Orleans*, 608 So.2d 978 (La.1992). "An employer seeking credit for benefits covered by the statute has the burden of proving both entitlement to and the amount of the credit." *Jones v. General Motors Corp.*, 03-1766, p. 12 (La. 4/30/04), 871 So.2d 1109, 1117. Thus, we agree with Claimant that it was incumbent upon Highlands to prove their entitlement to the credit and the amount of the credit. A review of the record indicates the WCJ requested the parties to brief that issue in its post-trial briefs; however, that issue was not discussed by the WCJ as it based its judgment solely on the conclusion that La.Code Civ.P. art. 1951 disposed of the claim.

We also find the WCJ erred in finding the prohibition found in La.Code Civ.P. art. 1951 that the substance of a final judgment may not be altered nor amended was dispositive of the issues presented by Claimant. Ordinarily, once a judgment becomes final and definitive, parties are bound by it, regardless of any

7

future change of circumstance. *See* La.Code Civ.P. art. 1841; *see also* La.Code Civ.P. art. 425. However, workers' compensation judgments are treated differently from ordinary judgments. If the rules of finality that govern ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation scheme of recovery would be greatly restricted. *Falgout v. Dealers Truck Equip. Co.*, 98-3150 (La. 10/19/99), 748 So.2d 399; *Critser v. Dillard's Dep't Stores, Inc.*, 99-3113 (La.App. 1 Cir. 2/16/01), 791 So.2d 702, *writ denied*, 01-753 (La. 5/4/01), 791 So.2d 659.

"Within the entire scheme of the workers' compensation act, the concept of modification is unique because it allows a case to be reopened and the award amended *after the judgment becomes final*." *Falgout*, 98-3150, at p. 8, 748 So.2d at 405 (emphasis added), citing Denis Juge, Louisiana Workers' Compensation, § 3:7 (2d ed.1999). Thus, it becomes clear that the WCJ was not prevented from amending the judgment in this workers' compensation matter by La.Code Civ.P. art 1951.

Furthermore, it is clear that the entitlement to an offset in this case is statutorily connected to the amount fixed by the Social Security Administration and, thus, occurs by operation of law, and *not the stipulation of the parties*. Whatever amounts stipulated to by the parties, the law is clear that Highlands cannot take the offset until the Social Security Administration removes theirs (which Claimant maintains was May 16, 2007 and not March 28, 2006), and they can only take an offset to the extent it was taken by Social Security. The objective of benefit coordination laws is not designed to place any potential loss of income on the permanently, disabled worker. That, undoubtedly, is why the law limits the employer/insurer to the amount removed by Social Security.

8

As set forth earlier, the WCJ ordered the parties to brief the question of what is the correct calculation to be followed for the "reverse offset" and the resulting indemnity to be paid to Claimant if the judgment is amended; as well as the correct amount of any overpayment made by Highlands in light of the "reverse offset" calculation. However, since the WCJ erroneously concluded it could not amend the previous final judgment, it did not reach those issues. In light of our ruling, finding La.Code Civ.P. art. 1951 does not preclude the WCJ from amending the previous judgment issued by that court, we remand this case to the Office of Workers' Compensation for full consideration of and ruling on all issues. All costs of this appeal are assessed to defendant-appellee, Highlands Insurance Company.

**REVERSED AND REMANDED.**