LILJEBERG, J.
11 Claimant appeals the worker’s compensation court’s judgment, dated January 25, 2016, which granted defendants’ Motion to Modify Judgment and Stay Enforcement, ordered payment of the court’s prior judgment in accordance with the statutory fee schedule, and ordered that the payment of medical expenses by any other person or entity extinguishes the claim against defendants for those medical expenses. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This is the second appeal in this case arising from a work-related accident that occurred on January 8, 2013. The parties do not dispute that claimant, Sharon Man-giaracina, was working as a sales agent for defendant, Avis Budget Group, Inc. *173 (“Avis”), when she fell from an allegedly defective chair, causing her to sustain injuries to her left shoulder, back, and thumb. Ms. Mangiaracina admits that she had a pre-existing injury to her left shoulder for which she received medical treatment, but she asserts that her shoulder condition was much worse after the accident and affected her ability to work.
After the work-related injury, Ms.-Man-giaracina elected to have surgery on her left shoulder. However, Avis and'its worker’s compensation insurer, CNA Insurance Companies (“CNA”), declined to pay for the surgery,- asserting that the need for surgery did not result from her work-related accident; rather, it was caused by her pre-existing condition.
The majority of Ms. Mangiaracina’s medical bills were paid by her health insurer, Aetna. However, Ms. Mangiaracina did incur some out-of-pocket expenses. On October 15, 2013, Ms. Mangiaracina filed a disputed claim for compensation, seeking medical and indemnity benefits from Avis and CNA.
■ |2A trial was held before the worker’s compensation judge on June 16, 2014. Thereafter, the worker’s compensation judge issued a judgment on September 24, 2014, and an amended judgment on November 17, 2014, finding that Ms. Man-giaracina suffered a compensable work-related injury. The worker’s compensation judge found that she had a pre-existing left shoulder injury that was aggravated by the work-related accident, and that she also suffered injuries to her back and thumb. The judge further found a causal connection between the accident and her disability and subsequent shoulder surgery. Finally, claimant was awarded weekly temporary total disability benefits from June 13, 2013 through September 21, 2013, and defendants were ordered to pay for all medical, medication, and travel expenses arising from the shoulder, thumb, and back injuries.
Avis appealed the trial court’s judgment, arguing that Ms. Mangiaracina failed to prove that her surgery and medical treatment were reasonable and necessary, and that she did not establish a causal connection between the accident and her disability. Avis further argued that the worker’s compensation judge erred by failing to apply the non-emergency medical statutory cap pursuant to La. R.S. 23:1142(B). This Court affirmed the trial court’s judgment on May 14, 2015, and the Louisiana Supreme Court denied writs on September 18, 2015. Mangiaracina v. Avis Budget Group, Inc., 14-949 (La.App. 5 Cir. 5/14/15), 170 So.3d 1113, writ denied, 15-1163 (La. 9/18/15), 178 So.3d 151.
On October 13, 2015, Ms. Mangiaracina filed a “Motion to File Judgment in the 24th Judicial District Court,” which was granted by the worker’s compensation judge.' Thereafter, on October 22, 2015, Avis and CNA filed a “Motion to Modify Judgment and to Stay Enforcement of Judgment.” In this motion, defendants indicated that the parties did not agree as to what would constitute satisfaction of the judgment. Specifically, defendants stated that even though Aetna paid for Ms. LMangiaracina’s surgery and much of her medical treatment, Ms. Mangiaracina was of the opinion that she should be personally reimbursed for the retail cost of her medical care. Defendants acknowledged that they-were required to pay for Ms. Mangiaracina’s medical expenses, but they noted that Aetna had yet to intervene or request reimbursement from Avis or any other party. Avis and CNA argued that they should be entitled to an offset for payments already made by Aetna, pursuant to La. R.S. 23:1212, which was specifically pleaded in their answer. They further argued that they should only be required *174 to pay the medical bills in accordance with the fee schedule, as provided by La. R.S. 23:1034.2.
Ms. Mangiaracina filed a memorandum in opposition to the motion, asserting that any amendment or modification of the judgment was barred by the doctrine of res judicata. She argued that the worker’s compensation, judge could not modify a final judgment that had been affirmed on appeal. She further argued that because there had been no change in Ms. Mangiar-acina’s condition since rendition of the pri- or judgment, the worker’s compensation court did not have jurisdiction under La. R.S. 23:1310.8(B) to review or alter its award.
This matter came for hearing before the worker’s compensation judge on December 11, 2015. At the hearing, Avis and CNA acknowledged that they are responsible for Ms. Mangiaracina’s medical expenses, but they requested clarification as to whom the money is owed, whether the statutory fee schedule is applicable, and whether Ms. Mangiaracina is entitled to directly reqover the medical expenses paid by Aetna. Ms. Mangiaracina responded that any modification of the judgment was barred by res judicata. She further asserted that. she should be directly reimbursed for the medical expenses paid by Aetna, because she would be responsible to pay Aetna, if Aet-na were to seek reimbursement of the medical expenses it paid.
14At the conclusion of the hearing, the matter was taken under advisement. Thereafter, on January 25, 2016, ■ the worker’s compensation judge rendered a judgment granting the Motion to Modify Judgment and Stay Enforcement. In the judgment, the worker’s compensation judge indicated that the awards in the prior judgment were not being modified; rather, the prior judgment was being clarified to reflect that defendants shall pay for all medical, medication, and travel expenses for Ms. Mangiaracina’s shoulder, thumb, and back injuries, in accordance with the statutory fee schedule, and that any payments made by Aetna extinguished her claim against defendants for those medical expenses, pursuant to La. R.S. 23:1212(A). Finally, the judge ordered that Ms. Mangiaracina shall be paid for the co-pays and out-of-pocket medical, medication, and travel expenses incurred due to her shoulder, back, and thumb injuries.
On February 4, 2016, Ms. Mangiaracina filed a Motion for New Trial, asserting that the worker’s compensation judge had improperly modified the prior judgment. This motion was denied on February 5, 2016. Ms. Mangiaracina appeals.
LAW AND DISCUSSION
On appeal, Ms. Mangiaracina sets forth the following assignments of error:
1) The worker’s compensation judge erred by improperly modifying a final judgment that was affirmed by this Court and on which writs were denied by the Louisiana Supreme Court.
2) The worker’s compensation judge erred by limiting defendants’ obligation and modifying the judgment to allow payment of medical expenses in accordance with the statutory fee schedule.
3) The worker’s compensation judge erred by ordering that payment of medical expenses by a third person, i.e. Aetna, extinguished Ms. Man-giaracina’s claim against Avis for those medical expenses.
4) The Court erred in denying Ms. Man-giaracina’s Motion for New Trial.
Ms. Mangiaracina contends that the worker’s compensation judge improperly modified a final judgment without au *175 thority to do so. She argues that 15the only statute that allows a worker’s compensation judge to modify a judgment is La. R.S. 23:1310.8(B), which only allows such modification in the event of a change in circumstances since the trial. She asserts that no change in circumstances has occurred in this case and all medical and compensation issues were complete at the time of the first trial.
Avis and CNA respond that under La. R.S. 23:1310.8(A)(1), the worker’s compensation judge has broad discretion to modify or amend a judgment. They contend that La. R.S. 23:1310.8(A)(1) is the statutory provision that applies in this case, not La. R.S. 23:1310.8(B). However, they maintain that they did not seek amendment of the awards in the prior judgment. Rather, they claim that after the appellate process was completed, a dispute arose regarding enforcement of the judgment, so they merely sought clarification as to what constituted satisfaction and/or enforcement of the judgment. Avis and CNA further assert that Louisiana law allows for the amendment of a final judgment to clarify the phraseology of the judgment, but not to alter its substance, citing La. C.C.P. art. 1951.
La. C.C.P. art. 1951 provides, in pertinent part:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation.
Pursuant to La. C.C.P. art. 1951, amendment of a final judgment is permissible, as long as it does not alter the substance of the judgment. Greene v. Highlands Ins. Co., 14-223 (La.App. 3 Cir. 10/8/14), 159 So.3d 496, 501; Ryland v. St. Mary’s Residential Training School, 03-27 (La.App. 3 Cir. 4/30/03) 843 So.2d 1237, 1240, writ denied, 03-1536 (La. 10/3/03), 855 So.2d 311. In Tunstall v. Stierwald, 01-1765 (La. 2/26/02), 809 So.2d 916, 920, the Louisiana Supreme Court stated, “a judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment.”
In Ryland, 843 So.2d at 1238, the claimant suffered neck and back injuries while in the course and scope of her employment with defendant. After claimant filed a disputed claim for compensation, the parties reached a settlement providing that defendant would pay for surgery and related post-operative care. After defendant refused to pay for certain items associated with the surgery and/or postoperative care, including a brace and medications, the claimant filed a Motion to Enforce Judgment. The worker’s compensation judge amended the original judgment and ordered defendant to pay for the brace and medications, finding that these items were “to facilitate the surgery and make sure that the surgery is successful.” Id. at 1239. Defendant appealed. The Third Circuit affirmed, finding that under La. C.C.P, art. 1951 and Tunstall, supra, amendment of a final judgment was allowed if “[i]t merely altered the phraseology to specify for purposes of enforcing the prior judgment that which was already incorporated into the prior judgment.” Ryland, 843 So.2d at 1240.
In Greene v. Highlands Ins. Co., 159 So.3d at 499, the claimant sought to amend the original worker’s compensation judgment to clarify how the employer’s payments should be offset by Social Security payments. The worker’s compensation judge found that he did not have the authority to amend the judgment. Id. However, the Third Circuit reversed, finding that under La. C.C.P. art. 1951, modification of the judgment was allowed, noting that the level of rigidity in most final judgments *176 does not apply in worker’s compensation cases and that the offset being sought was statutorily provided for in La. R.S. 23:1225(A). Greene, 159 So.3d at 501-502,
See also Tate v. Tate, 08-1968 (La.App. 1 Cir. 3/27/09), 9 So.3d 1010, in which the First Circuit applied La. C.C.P. art. 1951 and found that modification of a judgment partitioning community property was allowable.- In that case, the | language of the original judgment partitioning the husband’s retirement benefits was not substantially changed by the modified judgment. The modification merely altered the phraseology but did not change the amount of the wife’s award. Id. at 1212-1213.
In the present case, a dispute arose as to how the award of medical expenses in the worker’s compensation judgment was to be enforced and satisfied. The January 25, 2016 judgment merely clarified how the terms of the prior judgment were to be enforced. It did not add anything to or alter the substance of the prior judgment. Avis and CNA are still responsible for Ms. Mangiaracina’s medical expenses, as set forth in the original judgment. The worker’s compensation judge merely altered the phraseology to clarify “that which was already incorporated into the prior judgment.” See Ryland, 843 So.2d at 1240.
Ms. Mangiaracina further argues that modification of the prior judgment to provide for payment of medical expenses pursuant to the statutory fee schedule was improper and barred by res judicata. She contends that because this Court decided, on appeal that the non-emergency statutory cap pursuant to La. R.S. 23:1142(B) did not apply in this case, defendants cannot re-litigate the issue and seek to apply the statutory fee schedule pursuant to La. R.S. 23:1034.2.
Our review of the record and this Court’s prior opinion reveals that the applicability of the statutory fee schedule set forth in La. R.S. 23:1034.2 was not previously addressed and decided. The non-emergency statutory cap under La. R.S. 23:1142(B) is not the same as the fee schedule under La. R.S. 23:1034.2, and a decision pertaining to one does not control the other. Further, while Ms. Mangiaraci-na notes that this Court set forth the amounts of some of her medical bills in its opinion, this Court’s decision did not indicate that Ms. Mangiaracina | Swas entitled to be reimbursed directly for the amounts of these bills. Mangiaracina, supra.
The doctrine of res judicata bars re-litigation of matters that have previously been litigated and decided, as well as those that have never been litigated but should have been brought in an earlier suit. La. R.S. 13:4231; K-Mart Corporation v. Malbrough, 04-2609 (La.App. 1 Cir. 12/22/05), 928 So.2d 133, 137. In the present case, defendants did not bring a new cause of action or attempt to re-litigate any issue that had already been litigated and decided by the worker’s compensation judge or this Court. We find that clarification of the prior judgment to provide for payment of medical expenses pursuant to the statutory fee schedule was not barred by res judicata.
La. R.S. 23:1203(A) requires that the employer furnish all necessary drugs, supplies, hospital care and services, and medical and surgical treatment resulting from a work-related accident. La. R.S. 23:1203(B) provides, in pertinent part:
The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, whether in state or out of state, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reim *177 bursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less.
La. R.S. 23:1034.2(A) provides that the director of the office of workers’ compensation administration shall establish and promulgate a reimbursement schedule for medical expenses, including treatment, drugs, and supplies. La. R.S. 23:1034.2(D) provides that fees in excess of the reimbursement schedule shall not be recoverable against the employer.
| pursuant to La. R.S. 23:1203 and La. R.S. 23:1034.2, the worker’s compensation judge properly found that defendants shall pay for all medical expenses in accordance with the fee schedule. Again, this finding did not alter the substance of the prior judgment; rather, it merely clarified that the medical expenses shall be paid in accordance with the applicable law.
Finally, Ms. Mangiaracina asserts that the trial court erred by finding that the payment of medical expenses by Aetna extinguished her claim against defendants for those expenses. She contends that she should be personally reimbursed for the medical expenses paid by Aetna, because Aetna could seek reimbursement from her for the amount it paid.
La. R.S. 23:1212(A) provides, in pertinent part:
Except as provided in Subsection B, payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, or by Medicaid or other state medical assistance programs of medical expenses that are owed under this Chapter, shall extinguish the claim against the employer or insurer for those medical expenses.
In Olivier v. City of Eunice, 11-1054 (La.App. 3 Cir. 6/6/12), 92 So.3d 630, unit denied, 12-1570 (La. 10/12/12), 98 So.3d 874, the Third Circuit found that an award to an employee for reimbursement of medical expenses paid by his health insurer was in error. The Court reasoned that La. R.S. 23:1212 was enacted to prevent employees from receiving a windfall from their employers when their health insurer already paid the expenses. The Court further noted that under La. R.S. 23:1205(B), health insurers have a right of 100% reimbursement against the employers and their worker’s compensation insurers for medical bills they pay in conjunction with an employee’s workers’ compensation claim. Olivier, 92 So.3d at 640.
[^Considering the record before us, along with the applicable law and jurisprudence, we find no merit to Ms. Mangiaraci-na’s arguments on appeal. Accordingly, we affirm,
DECREE
For the foregoing reasons, we affirm the workers’ compensation court’s January 25, 2016 judgment, granting defendants’ Motion to Modify Judgment and Stay Enforcement.
AFFIRMED