KHALID ATAYA

VERSUS

NISA SUANPHAIRIN

NO. 23-CA-46

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 760-773, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

December 20, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson

**AFFIRMED**
    **JGG**
    **MEJ**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
NISA SUANPHAIRIN
    Richard L. Ducote

**GRAVOIS, J.**

This is a protracted custody matter. Appellant, Nisa Suanphairin, appeals the judgment rendered on October 17, 2022 granting her joint custody of the minor children (S.A. and M.A.) with her ex-husband, Khalid Ataya, instead of sole custody as she had prayed for. The judgment also granted Mr. Ataya's exception of *res judicata* in part, relative to Ms. Suanphairin's allegations that he sexually abused the children. On appeal, Ms. Suanphairin argues that the trial court erred in granting Mr. Ataya's exception, because the statutory predicates of "identity of parties" and "prior actual adjudication" were not met, and further, that the trial court should have applied the "exceptional circumstances" test to overrule the exception. She requests that this Court reverse the judgment granting the exception and remand the matter for a new hearing on the motion for custody allowing her to introduce evidence of Mr. Ataya's abuse of the children, and reconsider the custody judgment in light of that evidence.

For the following reasons, we find no error in the trial court's ruling which granted the parties joint custody of the minor children and granted Mr. Ataya's exception of *res judicata* in part. Accordingly, we affirm the ruling under review and decline to reopen the custody matter.

## FACTS AND PROCEDURAL HISTORY

This domestic matter has an extensive history in the district court and in this Court.[1] The matter was initiated in May of 2016 when Mr. Ataya filed a petition for protection from abuse under La. R.S. 46:2131, *et seq.*, against Ms. Suanphairin, while the parties were still married and at which time they had only one child, a son, S.A. In October of 2016, the parties had a daughter, M.A. The parties were

---

[1] The first appeal in this court, 16-CA-520, was dismissed by appellant Ms. Suanphairin prior to oral argument and opinion. The second appeal, 22-CA-228, resulted in the reversal of a criminal contempt finding against Ms. Suanphairin for lack of due process.

divorced in 2017. A default judgment rendered against Ms. Suanphairin in 2018 granted sole custody of the children to Mr. Ataya. This judgment was rendered after Ms. Suanphairin had taken the children to Thailand and failed to return in the time allowed by the court. Ms. Suanphairin returned to Jefferson Parish in 2020, and according to the evidence in this and prior appellate records, the children have lived primarily with her despite the judgment granting Mr. Ataya sole custody.

A thorough review of this and prior appellate records in this case shows that each party has filed multiple petitions for protection from abuse against the other party. Ms. Suanphairin has filed several petitions for protection from abuse alleging that Mr. Ataya sexually abused the children. On July 17, 2021, she filed a (supplemental and amending) petition for protection from abuse against Mr. Ataya, on behalf of herself and the children, alleging physical abuse, threats, and sexual abuse by Mr. Ataya against her. The petition also alleged that Mr. Ataya had committed specifically described acts of sexual abuse of their minor son and daughter on May 24, 2021.

On September 29, 2021, Ms. Suanphairin filed two additional supplemental petitions for protection from abuse against Mr. Ataya. Therein, she alleged the same incidents of sexual abuse by Mr. Ataya against her daughter, occurring on May 24, 2021, as well as additional allegations of sexual abuse of the children.

These petitions were ultimately heard on October 14, 2021 with both parties and their counsel being present. After extensive testimony from both parties and argument of counsel, the trial court ruled that Ms. Suanphairin had failed to bear her burden of proof that Mr. Ataya had sexually abused the children. Her petition for protection from abuse was dismissed with prejudice, and Ms. Suanphairin was ordered to return the children to Mr. Ataya's custody. Thereafter, Ms. Suanphairin failed to appear for the custody exchange as ordered. The next day, October 15, 2021, Mr. Ataya filed a request for a civil warrant which was granted that day,

directing law enforcement in the state of Louisiana to assist in locating the children and returning them to Mr. Ataya. On October 18, 2021, Mr. Ataya filed a rule for contempt against Ms. Suanphairin for her violation of the domestic commissioner's October 14, 2021 Order to return the children to Mr. Ataya.

On October 19, 2021, Ms. Suanphairin filed another petition for protection from abuse, reiterating identical allegations of sexual abuse that occurred that occurred on May 24, 2021, that she had previously made in the petitions for protection from abuse filed on July 17, 2021 and September 29, 2021, which were dismissed with prejudice at the October 14, 2021 hearing. The October 19, 2021 petition for protection was set for hearing on November 4, 2021. The petition was dismissed with prejudice on November 4, 2021 because Ms. Suanphairin failed to appear at the hearing.[2]

At some point after this, Mr. Ataya regained physical custody of the minor children and in January of 2022, allegedly removed them from Jefferson Parish to the Kingdom of Jordan, as claimed by Ms. Suanphairin in brief. Mr. Ataya and the children have not returned to Louisiana.

Pertinent to this appeal, on September 7, 2022, Ms. Suanphairin filed an *ex parte* motion for sole custody under La. C.C.P. art. 3945, which was based in part on her allegations that Mr. Ataya sexually abused the minor children on May 24, 2021, as she had alleged in her three prior petitions for protection from abuse. As additional grounds for sole custody in her favor, Ms. Suanphairin alleged Mr. Ataya removed the children to the Kingdom of Jordan in January of 2022 and

---

[2] Ultimately, on January 6, 2022, the domestic commissioner found Ms. Suanphairin in contempt of court for her failure to exchange the children and levied criminal penalties against her. Counsel for Ms. Suanphairin objected to the ruling; the objection was heard by the district court on February 9, 2022. By written judgment on February 22, 2022, the district court made the domestic commissioner's judgment final. Ms. Suanphairin appealed the judgment. This Court, in *Ataya v. Suanphairin*, 22-228 (La. App. 5 Cir. 2/1/23), 358 So.3d 893, vacated the contempt judgment, holding that the contempt proceeding at which the domestic commissioner found Ms. Suanphairin, *in absentia*, guilty of criminal contempt violated right her to due process and to representation.

refused to comply with court orders to return to Jefferson Parish and surrender their passports.

Because he was an absentee, the trial court appointed counsel to represent Mr. Ataya. The trial court set the matter for a contradictory hearing, rather than ruling on the *ex parte* motion. On October 3, 2022, Mr. Ataya's appointed counsel filed an exception of *res judicata*, arguing that Ms. Suanphairin's October 19, 2021 allegations were *res judicata* due to the November 4, 2021 dismissal of her October 19, 2021 petition. Ms. Suanphairin opposed the exception. At the October 4, 2022 hearing on the pending matters, the trial judge sustained the exception in part, only as to the allegations of sexual abuse of the children. However, Ms. Suanphairin was allowed to proceed with her case asking for a modification of the previous custody decree, and presented evidence in support thereof. The trial judge ultimately awarded Ms. Suanphairin and Mr. Ataya joint custody. A final judgment to this effect was signed on October 17, 2022.[3]

This appeal followed. Mr. Ataya has not filed a brief in this appeal.

## LAW AND STANDARD OF REVIEW

As this Court recently stated in *Obi v. Onunkwo*, 21-352 (La. App. 5 Cir. 7/9/21), 2021 WL 2905354, at 2, *writ denied*, 21-1157 (La. 11/10/21), 326 So.3d 1247:

> The doctrine of *res judicata* bars re-litigation of matters that have been previously litigated and decided. *Mangiaracina v. Avis Budget Grp., Inc.*, 16-211 (La. App. 5 Cir. 9/22/16), 202 So.3d 171, 176. Appellate courts review exceptions of *res judicata* using the *de novo* standard of review. *Woodlands Dev., L.L.C. v. Regions Bank*, 16-324 (La. App. 5 Cir. 12/21/16), 209 So.3d 335, 340. The party pleading the exception has the burden of proving the elements of *res judicata* by a preponderance of the evidence. *Rudolph v. D.R.D. Towing Co., LLC*, 10-629 (La. App. 5 Cir. 1/11/11), 59 So.3d 1274, 1277. The doctrine of *res judicata* is *stricti juris*, and any doubt concerning application of the principle of *res judicata* must be

---

[3] The district court denied Ms. Suanphairin's motion filed on October 10, 2022, which asked that she have sole authority as the designated parent to control the children's passports, after a November 9, 2022 hearing.

resolved against its application. *Bourgeois v. A.P. Green Indus.*, 09-753 (La. App. 5 Cir. 3/23/10), 39 So.3d 654, 657, *writ denied*, 10-923 (La. 6/25/10), 38 So.3d 341.

La. R.S. 13:4231, cited in *Obi*, provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court has established the following elements for finding that a second action is precluded by *res judicata*: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; and (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Chevron U.S.A., Inc. v. State*, 07-2469 (La. 9/8/08), 993 So.2d 187, 194 (citing *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So.2d 1049, 1053).

However, as the *Obi* court noted, *supra* at 3, certain exceptions to the application of *res judicata* exist, citing La. R.S. 13:4232, which provides:

A.  A judgment does not bar another action by the plaintiff:

(1)  When exceptional circumstances justify relief from the *res judicata* effect of the judgment;

(2)  When the judgment dismissed the first action without prejudice; or,

(3) When the judgment reserved the right of the plaintiff to bring another action.

B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of *res judicata* only as to causes of action actually adjudicated.

## FIRST ASSIGNMENT OF ERROR

On appeal, Ms. Suanphairin first argues that the exception of *res judicata* should have been denied because the statutory predicate of identity of the parties was not met. She argues that in her October 19, 2021 petition for protection from abuse, the children themselves were party petitioners represented by her, but they were not parties in this custody modification proceeding. She cites *Bethel v. Simon*, 22-198 (La. App. 3 Cir. 6/22/22), 344 So.3d 226, in support of her argument.

In *Bethel*, the Third Circuit found that the trial court erred in granting the mother's exception of *res judicata*, as to the father's filing of a petition for protection from abuse on his daughter's behalf, which was filed two days after a hearing on the father's motion to modify custody; the judge had ruled on the motion for custody from the bench, but the written judgment had not yet been signed or issued. The court of appeal found that *res judicata* was inappropriate in that case, because: 1) the exception was orally asserted; 2) there was no final judgment on the motion to modify custody in the record; 3) the identity of the parties was lacking; and 4) the identity of the subject matter was lacking. *Id.* at 230-32. The court also noted that the custody proceeding was filed in a different suit (different docket number and division), than the protection from abuse petition. The court reasoned that identity of the parties was lacking because the daughter was a party to the petition for protection from abuse, which her father

filed on her behalf, but was not a party to the custody matter, each being a separate case in different divisions. *Id.* at 231.

Upon review, we find that the present case is distinguishable from *Bethel*. In this case, unlike in *Bethel*, all matters between the parties, including the divorce suit, the custody motions, and the multiple petitions for protection from abuse filed by both parties, have all been filed in the same district court proceeding. We thus find the *Bethel* court's reasoning relative to the identity of the parties to be misplaced here. This assignment of error is without merit.

**SECOND ASSIGNMENT OF ERROR**

Ms. Suanphairin next argues that the allegations of sexual abuse were not "actually litigated" because her October 19, 2021 petition, wherein the allegations were raised for the third time, was dismissed for her failure to show up for court.

Ms. Suanphairin fails to consider that the allegations in the October 19, 2021 petition were identical to the allegations allegations that were raised in her July 17, 2021 petition and her September 29, 2021 supplemental petition. Those allegations of sexual abuse against the children were fully litigated at the October 14, 2021 hearing and were dismissed *with prejudice* by a judgment entered the same day, as noted above. Further, the petition for protection Ms. Suanphairin filed on October 19, 2021 was dismissed *with prejudice* on November 4, 2021 because Ms. Suanphairin failed to appear at the hearing. Her claims in question were thus "actually litigated." Accordingly, we find no error in the trial court's granting of the exception of *res judicata*, in part, as to these specific allegations.

Further, we find nothing in this record to warrant the application of "exceptional circumstances" as per La. R.S. 13:4232. Though allegations of child sexual abuse are grave, the specific allegations of abuse were fully litigated on October 14, 2021 and were dismissed with prejudice, and no appeal of that judgment was filed. These arguments are without merit.

## SUPPLEMENTAL AUTHORITY

After the briefs were filed, Ms. Suanphairin sent this Court a note of citation to supplemental authority, providing that this Court's recent writ decision in *Camarigg v. Heffner*, 23-243 (La. App. 5 Cir. 6/3/23), 2023 WL 4013324, "goes to the core of [Ms. Suanphairin's] assignment of error and argument in her appeal."

In *Camarigg*, this Court held that the application of *res judicata* in a case that falls under the Domestic Abuse Assistance Act, La. R.S. 46:2131, *et seq.*, is specifically prohibited by statute, namely La. R.S. 46:2134(E), which provides:

> E. If a suit for divorce is pending, any application for a protective order shall be filed in that proceeding and shall be heard within the delays provided by this Part. Any decree issued in a divorce proceeding filed subsequent to a petition filed or an order issued pursuant to this Part may, in the discretion of the court hearing the divorce proceeding, supersede in whole or in part the orders issued pursuant to this Part. Such subsequent decree shall be forwarded by the rendering court to the court having jurisdiction of the petition for a protective order and shall be made a part of the record thereof. The findings and rulings made in connection with such protective orders shall not be res judicata in any subsequent proceeding.

There are important differences between this case and *Camarigg*. The allegations of abuse Ms. Camarigg made in her petition for divorce were alleged to have occurred additionally and subsequently to the allegations that had formed the basis for her earlier-filed and litigated petition for protection from abuse, wherein the commissioner found evidence of *one* instance of family violence, but declined to find a *history* of family violence. Importantly, the allegations of abuse in the later-filed petition for divorce were not raised in the earlier-filed petition and thus had not been litigated. Here, the allegations of abuse were all raised prior to the hearings thereon and were subsequently dismissed with prejudice. Thus, Ms. Suanphairin's reliance on *Camarigg* is misplaced. This argument is without merit.

## DECREE

For the foregoing reasons, the judgment under review is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 20, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**23-CA-46**

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
MICHAEL A. ROSENBLATT (APPELLEE)          RICHARD L. DUCOTE (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED