# <u>NOT FOR PUBLICATION</u>

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-560

**EKTEMAL KHALAF, ET AL.**

**VERSUS**

**MASS RESOURCES, INC., ET AL.**

************

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, DOCKET NO. 28,305
HONORABLE KATHY JOHNSON, DISTRICT JUDGE

************

**SYLVIA R. COOKS**
**JUDGE**
************

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Brandy McClure**
**P.O. Box 665**
**818 First Street**
**Jonesville, LA 71343**
**(318) 339-7337**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Ektemal Khalaf, et al.**

**Celeste D. Elliott**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
**601 Poydras Street, Suite 2775**
**New Orleans, LA 70130**
**(504) 568-1990**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **United Specialty Insurance Company**

**COOKS, Judge.**

On January 27, 2015, while working on an oil well for Mass Resources, Inc. that was owned by Fun Investments, LLC, Tarek Mutie Khalaf was injured and eventually died as a result of those injuries. There is a dispute as to whether the decedent was an independent contractor or an employee of Mass Resources on the date in question.

The decedent's wife, Ektemal Khalaf, individually and as the Natural Tutrix of the minor children, filed a wrongful death petition on January 25, 2016. Pertinent to this appeal, the petition was amended to add United Specialty Insurance Company as the purported insurer of Mass Resources and Fun Investments.[1]

In response to the amended petition, United Specialty filed an answer to the petition denying coverage on its part. United Specialty then filed a Motion for Summary Judgment, contending there was no liability policy issued to the alleged insureds during the relevant time period. Alternatively, United Specialty argued even if a general liability policy were issued (which it denied), the policy would not afford coverage to an employee, which it maintained was the appropriate classification for decedent.

Through discovery, it was determined that Fun Investments and Mass Resources attempted to purchase a general liability policy from United Specialty through its insurance agent, Four Rivers Insurance. The undisputed facts disclosed, although Fun Investments and Mass Resources issued a check to its agent, Four Rivers, that check was never sent to United Specialty. After briefing and oral argument on March 28, 2019, the trial court granted United Specialty's motion for summary judgment and dismissed United Specialty with prejudice.

---

[1] Mass Resources and Fun Investments both sued United Specialty seeking coverage for Plaintiffs' claims. However, Mass Resources and Fun Investments did not appeal the district court's finding of no coverage on the part of United Specialty; thus, the April 22, 2019 judgment at to them is final.

Plaintiffs appealed the trial court's grant of summary judgment, asserting two assignments of error:

1. The Motion for Summary Judgment should have been denied because there is a genuine issue of material fact as to whether there is a claim for insurance coverage against United Specialty.

2. The Motion for Summary Judgment should have been denied because there is a genuine issue of material fact whether Tarek Mutie Khalaf was an independent contractor.

## ANALYSIS

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945; *Bonin v. Westport Ins. Corp.*, 05-886 (La. 5/17/06), 930 So.2d 906. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B); *Cutsinger*, 12 So.3d at 949. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2); *Cutsinger*, 12 So.3d at 949. Thus, we ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Cutsinger*, 12 So.3d at 949 (citing *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 750).

In an action under an insurance contract, the insured bears the burden of proving the existence of a policy and coverage. *Tunstall v. Stierwald*, 01-1765 (La. 02/26/02), 809 So.2d 916. Summary judgment declaring a lack of coverage under an insurance policy can be rendered when there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Elliott v.*

3

*Continental Casualty Company*, 06-1505 (La.2/22/07), 949 So.2d 1247; *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180

Plaintiffs maintain there is a genuine issue of material fact that Fun Investments and Mass Resources have a claim for insurance coverage against United Specialty. The record is uncontroverted that Fun Investments sent its insurance agent, Four Rivers, payment to secure a policy of insurance from United Specialty. This payment was never forwarded to United Specialty by Four Rivers. As a result, no policy of insurance was ever issued by United Specialty to Fun Investments and/or Mass Resources during the relevant time period.

Despite the uncontroverted facts above, Plaintiffs maintain there still should be coverage, citing this court to cases setting forth the purported duties insurance agents have to their clients. However, the evidence is clear in this case that Four Rivers was the agent of Fun Investments and Mass Resources, and not United Specialty. Therefore, the trial court appropriately granted summary judgment in this matter as there was no genuine issue of material fact that United Specialty did not issue any general liability insurance policy that provided coverage for the allegations against Fun Investments and/or Mass Resources in this case.

Having found United Specialty did not issue a liability policy of insurance, the issue of whether the decedent was an employee or an independent contractor is rendered moot.

## DECREE

For the foregoing reasons, the judgment of the trial court granting United Specialty's motion for summary judgment is affirmed. All costs of this appeal are assessed to Plaintiffs-Appellants.

**AFFIRMED.**