# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 25-588


**NICKIE MARTIN**

**VERSUS**

**LAFAYETTE CONSOLIDATED GOVERNMENT
CODE OF ORDINANCES**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER 20236267
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CLAYTON DAVIS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Gary J. Ortego, and Clayton Davis, Judges.


**AFFIRMED IN PART; VACATED IN PART.**

**Patrick S. Ottinger**
**P.O. Drawer 52606**
**Lafayette, LA 70505**
**(337) 232-2606**
**COUNSEL FOR DEFENDANT/APPELLANT**
    **Lafayette Consolidated Government**

**Daniel J. Gauthier**
**Christopher D. Granger**
**Gauthier & Granger, L.L.C.**
**1118 Jefferson Street**
**Lafayette, LA 70501**
**(337) 534-8027**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lafayette Consolidated Government**

**Nickie Martin**
**Pro Se**
**230 Martin Luther King Jr. Dr.**
**Lafayette, LA 70501**
**(337) 204-9953**

**DAVIS, Judge.**

Defendant, the Lafayette Consolidated Government, appeals the trial court's judgment and amended judgment alleging they improperly changed the substance of an earlier final judgment. For reasons set out below, we partially vacate those judgments and reinstate the final judgment of August 2, 2024.

## FACTS

Plaintiff, Nicki Martin, petitioned the Fifteenth Judicial District Court on November 3, 2023, for judicial review of a judgment of the Administration Adjudication Bureau (AAB) of the Lafayette Consolidated City-Parish Government based on Property Maintenance Code violations. LCG filed several exceptions to the petition. The trial court denied the exceptions, reset the hearing of the petition, and signed a judgment on January 10, 2024. That judgment allowed Ms. Martin 180 days to remedy four of the violations, ordered her to make partial payments of $50 per month on AAB's previously-recorded lien, and reversed fines of $50 per day referenced in that lien.

The hearing of Ms. Martin's petition for judicial review was July 22, 2024. Ms. Martin explained at a later hearing that she did not appear on that date because she thought, based on a call from LCG's counsel, that the correct date was July 24. Although the record shows she was served with notice of the July 22 date, she testified she "never got it in [her] hands" and implied her grandmother may have received it. She appeared on July 24 only to learn she had missed the hearing and her opportunity to participate in it.

The trial court rendered judgment on August 2, 2024, that revoked the January 10, 2024 judgment, affirmed the AAB judgment, reinstated the $50 per day fines levied in the AAB lien, and dismissed the petition for review. Ms. Martin did not appeal that judgment, and after legal delays it became final.

Ms. Martin filed an identical petition for judicial review on January 8, 2025. LCG responded with an exception of res judicata asking only for dismissal of Ms. Martin's petition with prejudice. During the February 24, 2025 hearing, the trial court asked LCG's counsel how much Ms. Martin owed and remarked "it seems like LCG is kind of being heavy-handed on its own constituents."

The trial court stated it was not prepared to rule on the exception at the hearing and asked LCG's counsel for "the exact total amount" of fees currently assessed to Ms. Martin. The court said it would "look at it and see what we will do about it[.]" The court encouraged Ms. Martin to contact "the Mayor and Ms. Kathy," who would "gladly work with [her]" regarding the fees.[1] The court further commented that it was "going to work with [her] and figure something out to save [her] property." It then ordered "no more fees after today" and told Ms. Martin "to tell Ms. Kathy that I said to kill the daily fee."

After that hearing, LCG's counsel sent the letter the trial court requested regarding the current fees. The letter stated:

> The total amount of LCG's lien, as of the hearing date, is $19,410.00. Included in this calculation are the daily fines levied by the AAB Hearing Officer and subsequently upheld by this Court and memorialized in a final Judgment previously issued by this Court. The total amount of LCG's line [sic] without daily fines is $1,160.00.

Ms. Martin had no opportunity at or after the hearing to contest the amount or the calculations of LCG's counsel.

The trial court signed its judgment on April 22, 2025, and sustained the exception of res judicata. The decree set the amount of liens and fees against Ms. Martin at $6,160 as of the date of judgment and allowed her 180 days from April 22, 2025, to complete repairs to the property. AAB appealed that judgment. This court

---

[1]The record suggests "Ms. Kathy" is LCG's Compliance Manager.

ordered the trial court to amend the April 22, 2025 judgment because it referred to Ms. Martin as both "Plaintiff" and "Defendant" and did not clearly state which party would make the repairs. The trial court signed an amended judgment on October 27, 2025. It granted LCG's exception but substantively changed the amount of the April 22 judgment by awarding LCG $19,410 as "the total amount of fines levied by the AAB[.]" The trial court also ordered that "no other fines or fees shall be levied against" Ms. Martin's property and allowed Ms. Martin 180 days from April 22, 2025, a date that had already passed when the amended judgment was signed, to complete repairs.

LCG's timely appeal asks this court to vacate the April 22, 2025 judgment and the October 27, 2025 amended judgment to the extent they re-adjudicate the merits of the valid, final judgment rendered on August 2, 2024. LCG also asks this court to reinstate the August 2, 2024 final judgment. This court notified Ms. Martin of the briefing deadlines, but she did not answer the appeal or file a response to LCG's brief.

## DISCUSSION

Louisiana Revised Statutes 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . . .
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Based on this statute, the trial court's April 22, 2025 judgment and October 27, 2025 amended judgment correctly granted LCG's exception of res judicata and dismissed Ms. Martin's January 8, 2025 petition for review because it was identical to her petition filed on November 3, 2023.

However, the judgment and amended judgment did not stop with granting the exception and dismissing the claim. They show the trial court re-adjudicated the amount of liens and fees charged to Ms. Martin and the terms of accrual of those fees set forth in the August 2, 2024 final judgment.

Louisiana Code of Civil Procedure Article 1951 allows amendment of a judgment "to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation." This court's order to amend the April 22, 2025 judgment contemplated only such an alteration. But the October 27, 2025 amended judgment substantively changed the amount of the lien and fines from $6,160 to $19,410 and ordered that no other fines or fees were to be levied against Ms. Martin's property. Thus, the amended judgment is improper and must be vacated.

Our analysis, however, does not end there. At the time the trial court rendered the April 22, 2025 judgment, the August 2, 2024 judgment was final, and all delays to appeal it had expired by the time of the hearing of LCG's exception. According to La.Code Civ.P. art. 1951, its substance could not be amended.

The trial court did just that regarding the accrual of daily fines and the amount of liens and fees for which Ms. Martin was liable. And it did so without motion from or notice to any party that it would consider any substantive change to the August 2, 2024 final judgment.

"[A] judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment." *Tunstall v. Stierwald*, 01-

1765, p. 4 (La. 2/26/02), 809 So.2d 916, 920. The original amount of the lien against Ms. Martin is $1,160. The August 2, 2024 final judgment affirmed the AAB lien and increased its amount by $50 every day (more than $18,000 a year), starting from the effective date of the AAB judgment. But the October 24 judgment orders that "no other fines or fees shall be levied against" Ms. Martin's property and thereby improperly takes from and adds to the final judgment of August 2, 2024.

Unfortunately, our analysis results in a significant daily increase of Ms. Martin's fines despite her efforts, as shown in the record on appeal, to improve her property. While we note the draconian nature of the fines assessed in the August 2, 2024 judgment, we also note Ms. Martin failed to timely appeal that judgment. We must enforce its validity.

**<u>DECREE</u>**

We affirm the trial court's judgment of April 22, 2025, and the amended judgment of October 27, 2025, only to the extent they grant LCG's exception of res judicata and dismiss Nickie Martin's January 8, 2025 petition for judicial review. We vacate the portions of the April 22, 2025 judgment and October 25, 2025 amended judgment pursuant to La.Code Civ.P. art. 1951 to the extent they alter the amount of the lien and fees owed by Ms. Martin to the Lafayette Consolidated Government and to the extent they order that no other fines or fees shall be levied against Ms. Martin's property. We reluctantly reinstate the trial court's final judgment of August 2, 2024. Costs of this appeal are assessed against Nickie Martin.

**AFFIRMED IN PART; VACATED IN PART.**

5